PEOPLE v HALL

1. SEARCHES AND SEIZURES—SEARCH WITHOUT WARRANT—ARREST—
   CONTEMPORANEOUS SEARCH—CASE LAW.

   A search made without a warrant and incident to an arrest is not
   required by federal case precedent to be simultaneous with the
   placing of the defendant in custody but must be reasonably
   contemporaneous with it, and such a search of a foil packet
   which was found to contain heroin was reasonably contempora-
   neous with the arrest of a defendant within the meaning of
   that case where the arresting officers saw the packet in a car
   while ordering the defendant out of the car, and after hand-
   cuffing the defendant examined the packet and discovered the
   heroin inside.

2. SEARCHES AND SEIZURES—SEARCH WITHOUT WARRANT—ARREST—
   ZONE OF DEFENDANT'S CONTROL.

   The crucial point of reference for determining whether a foil
   packet which was found in a defendant's car and searched after
   he was ordered to get out of the car was within the zone of the
   defendant's immediate physical control is whether the packet
   was within such a zone of control at the time the police began
   arresting the defendant.

Appeal from Oakland, John N. O'Brien, J. Sub-
mitted Division 2 December 3, 1974, at Lansing.
(Docket No. 19129.) Decided January 8, 1975.

William R. Hall was convicted of possession of
heroin. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *L. Brooks Patterson,*
Prosecuting Attorney, and *Robert C. Williams,*
Chief Appellate Counsel, for the people.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 5 Am Jur 2d, Arrest §§ 26, 28.

*Faintuck, Shwedel, Roether, Wolfram & Mc-Donald,* for defendant on appeal.

Before: D. E. HOLBROOK, P. J., and R. B. BURNS and VAN VALKENBURG,* JJ.

R. B. BURNS, J. Defendant William Rodney Hall was found guilty of possession of heroin contrary to MCLA 335.314; MSA 18.1070(14), MCLA 335.316; MSA 18.1070(16), MCLA 335.341; MSA 18.1070(41). His appeal raises only one issue: was the evidence seized from the interior of his automobile the product of a legal search? The trial court held that it was the product of a legal warrantless search incident to a lawful arrest. We agree.

On June 18, 1972, a state police narcotics unit commenced surveillance of one Cornelius Fuller. Members of the unit observed daily meetings between Fuller and defendant at an I-96 rest area on the 19, 20, and 21 day of June. On the 22, the police staked out the rest area and awaited the arrivals of Fuller and defendant. The two arrived separately. Fuller got out of his car and joined defendant in defendant's car. The police were then informed that a warrant had been issued for the arrests of both Fuller and defendant for drug offenses. The police made the two get out of the car and then they handcuffed them. In the course of this transaction, the police noticed a nine-by-six-inch aluminum foil packet on the floor of the car in front of the front seat where the defendant had been sitting. After defendant had been handcuffed one of the arresting officers examined the packet and discovered heroin inside.

Defendant challenges this search and seizure by

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

claiming that since the search did not take place until after he was out of the car and handcuffed, the packet, when searched, was out of the immediate area of his physical control, and, therefore, the search exceeded the legally permissible scope allowed it as defined in *Chimel v California,* 395 US 752; 89 S Ct 2034; 23 L Ed 2d 685 (1969). We disagree. *Chimel* does not require the search to be *simultaneous* with the placing of defendant in custody but *reasonably contemporaneous* with it. Here, the interval between the arrest of defendant and the search of the packet was five minutes or less, which is reasonably contemporaneous within the meaning of *Chimel.* We also do not deem the slight change in defendant's position with regard to the packet as significant since the packet was obviously within the zone of defendant's immediate physical control *at the time the police began arresting him,* which is the crucial point of reference for *Chimel.*

Affirmed.

All concurred.