PEOPLE v ROBERT L. THOMPSON

1. Searches and Seizures—Automobiles—Traffic Violation—Suspicion of Other Offense.

A general search of an automobile by police after a stop for a traffic violation is not justified where there is no suspicion of an offense other than the traffic violation.

2. Searches and Seizures—Automobiles—Probable Cause—Search Incident to Arrest.

A police officer was justified in searching a defendant's automobile where the defendant was stopped for a traffic violation and upon approaching the defendant, who was standing outside his automobile, the officer detected the smell of burning marijuana, placed the defendant under arrest, and searched his person, finding marijuana and a large sum of money; the officer had reasonable cause to believe that the automobile contained more contraband or additional evidence of possession or use of marijuana.

3. Searches and Seizures—Automobiles—Investigative Stop—Reasonableness.

Reasonableness is the test that is to be applied for both the stop of and the search of moving motor vehicles; said reasonableness will be determined from the facts and circumstances of each case; fewer foundation facts are necessary to support a finding of reasonableness when moving vehicles are involved, than if a house or a home were involved, and a stop of a motor vehicle for investigatory purposes may be based upon fewer facts than those necessary to support a finding of reasonableness where both a stop and a search is conducted by the police.

Appeal from Ingham, Jack W. Warren, J. Submitted December 8, 1977, at Lansing. (Docket No. 31352.) Decided January 24, 1978.

References for Points in Headnotes
[1] 68 Am Jur 2d, Searches and Seizures §§ 39, 68.
[2] 68 Am Jur 2d, Searches and Seizures §§ 45, 58, 99.
[3] 68 Am Jur 2d, Searches and Seizures § 16.

Robert L. Thompson, Jr., was convicted of possession of heroin and possession of cocaine. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter D. Houk,* Prosecuting Attorney, and *John E. Steele,* Assistant Prosecuting Attorney, for the people.

*Kenneth A. Birch,* for defendant on appeal.

Before: R. B. BURNS, P. J., and ALLEN and R. M. MAHER, JJ.

PER CURIAM. On the morning of February 18, 1974, defendant was arrested and charged with possession of marijuana, MCLA 335.314(c); MSA 18.1070(14)(c), MCLA 335.341(4)(d); MSA 18.1070(41)(4)(d), possession of heroin, MCLA 335.306; MSA 18.1070(6), MCLA 335.314(b); MSA 18.1070(14)(b), MCLA 335.341(4)(a); MSA 18.1070(41)(4)(a), and possession of cocaine, MCLA 335.316; MSA 18.1070(16), MCLA 335.341(4)(b); MSA 18.1070(41)(4)(b). A fourth count was dropped. Defendant pled guilty to possession of marijuana. He received and served a 90-day sentence.

After a motion to suppress the evidence and a motion for reconsideration of the motion to suppress were both denied, a jury convicted defendant of possession of heroin and possession of cocaine. Defendant appeals, seeking reversal of the trial court's denial of his motion to suppress and requesting a new trial.

Defendant had been validly stopped by state police for traffic violations. The officer who approached defendant as he was standing outside his car smelled burning marijuana. He arrested defendant, searched him and found six marijuana

cigarettes. The officer then searched defendant's vehicle, finding suspected controlled substances in a small black leather coin purse in the console.

It is the search of his automobile which defendant contests. The initial stop of defendant's car, for traffic offenses, was valid. *People v Whalen,* 390 Mich 672; 213 NW2d 116 (1973). But when there is no suspicion of an offense other than the traffic violation, a stop does not warrant a general search of the automobile. *People v Gonzales,* 356 Mich 247; 97 NW2d 16 (1959), *People v Marshall,* 25 Mich App 376; 181 NW2d 578 (1970).

The police action at issue, however, is more than a general search accompanying a traffic stop. After defendant was stopped, the state police officer detected the smell of burning marijuana and validly placed defendant under arrest. Probable cause existed for the officer to believe a crime was being committed in his presence. *People v Parisi,* 46 Mich App 322; 208 NW2d 70 (1973), *rev'd on other grounds,* 393 Mich 31; 222 NW2d 757 (1974), *People v Hilber,* 69 Mich App 664; 245 NW2d 156 (1976), *People v Ridgeway,* 74 Mich App 306; 253 NW2d 743 (1977).

The search of defendant's person incident to the arrest was also valid. *Chimel v California,* 395 US 752; 89 S Ct 2034; 23 L Ed 2d 685 (1969), *People v Hall,* 57 Mich App 553; 226 NW2d 562 (1975). While it is true that *People v Hilber, supra,* holds that the smell of marijuana does not justify a search of the vehicle without a warrant, the officer here relied on more than the smell of marijuana. The search of defendant's person incident to his arrest produced six marijuana cigarettes and a large sum of money. These facts, together with the knowledge that defendant had recently been in his car with access to the console, were sufficient to

give the officer probable cause to believe the console contained more contraband or additional evidence of possession or use of marijuana.

We note that the search in this case was of a motor vehicle. The standard used to determine the validity of such a search was enounced in *People v Whalen, supra.*

"1. Reasonableness is the test that is to be applied for both the stop of, and the search of moving motor vehicles.

"2. Said reasonableness will be determined from the facts and circumstances of each case.

"3. Fewer foundation facts are necessary to support a finding of reasonableness when moving vehicles are involved, than if a house or a home were involved.

"4. A stop of a motor vehicle for investigatory purposes may be based upon fewer facts than those necessary to support a finding of reasonableness where both a stop and a search is conducted by the police." 390 Mich at 682.

Applying the *Whalen* standard in this case, we find that the officer possessed sufficient evidence and information on which to make a warrantless search of defendant's automobile.

We deem defendant's other assignments of error to be without merit. See *Crampton v 54-A District Judge,* 397 Mich 489; 245 NW2d 28 (1976), *People v Goans,* 59 Mich App 294; 229 NW2d 422 (1975), *People v Burrell,* 21 Mich App 451; 175 NW2d 513 (1970), *People v McPherson,* 38 Mich App 534; 197 NW2d 173 (1972).

Affirmed.