PEOPLE v STARK

GARDEN CITY v STARK

Docket No. 58390. Submitted July 21, 1982, at Detroit.—Decided
    October 7, 1982.

Gerald R. Stark and Kevin L. Stark were issued Garden City
    ordinance citation tickets charging them with interfering with
    and hindering police officers in the discharge of their duties
    after the Starks unsuccessfully attempted to prevent two Gar-
    den City police officers from forcibly entering the Starks' resi-
    dence to conduct a search without a warrant for a third person
    against whom there was an outstanding arrest warrant for
    traffic violations. The person sought in connection with the
    arrest warrant was not a resident of the house where the
    Starks lived and was not found in the house. Gerald R. Stark
    was also charged with assault and battery on a police officer in
    connection with the incident. The assault and battery charge
    was later dismissed on a pretrial motion. The Starks were tried
    by jury in 21st District Court and found guilty on the interfer-
    ence charges. The court granted defendants a judgment of
    acquittal notwithstanding the verdict, ruling that the search
    was illegal and defendants had a right to defend their property.
    The City of Garden City appealed to the Wayne Circuit Court,
    which reversed the judgment and reinstated the jury's verdict,
    Charles Kaufman, J. Defendants appeal. *Held:*

    1. The search of defendants' house was prima facie unreason-
    able because the police officers did not first obtain a search
    warrant and there were no exigent circumstances involved.
    Because the entry by the police was unlawful, the defendants
    had a common-law privilege to use reasonable force to prevent
    the search. Defendants did not unlawfully interfere with the
    police officers.

    2. Defendants' claim that the district court erred in instruct-
    ing the jury that police officers have a right to enter any

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Arrest § 4 *et seq.*
    68 Am Jur 2d, Searches and Seizures § 92 *et seq.*
[2] 68 Am Jur 2d, Searches and Seizures §§ 127, 128.

building to make an arrest after announcing their purpose and being refused admittance will not be addressed since, due to the holding of the Court of Appeals in this case, no prejudicial error occurred by the giving of that jury instruction.

Reversed and remanded for reinstatement of the judgment of acquittal.

1. CRIMINAL LAW — SEARCH WARRANTS — ARREST WARRANTS.

Different interests are protected by arrest warrants and search warrants; when a magistrate considers issuing a search warrant, the interests in privacy in the areas to be searched or the items to be seized are directly considered, whereas, when issuing an arrest warrant, third persons' interests are not generally considered by the magistrate; the magistrate issuing an arrest warrant considers the possibility that officers will have to enter the subject's home on the strength of the arrest warrant alone, but the possibility that other unknown residences may have to be entered is not considered and therefore not authorized.

2. SEARCHES AND SEIZURES — UNLAWFUL ENTRY — SEARCH WITHOUT WARRANT.

A person has a common-law privilege to exercise reasonable force to prevent an unlawful entry and search of his home by police.

*Ronald E. Mack,* for plaintiff.

*Stempien & Stempien, P.C.* (by *Marvin R. Stempien),* for defendants.

Before: M. F. CAVANAGH, P.J., and D. C. RILEY and C. J. HOEHN,* JJ.

PER CURIAM. On October 15, 1979, at about 11:15 p.m., two Garden City police officers forcibly entered defendants' home. They had no search warrant. The officers were attempting to arrest a third person who they believed was in the house. This third person, who was the subject of an outstanding arrest warrant for traffic violations, was not a resident of the house. The officers

---

* Circuit judge, sitting on the Court of Appeals by assignment.

searched the house over defendants' protests and after a scuffle at the door of the house. They did not find the man they sought, and left. They later sent tickets to the defendants for interfering with an officer in the discharge of his official duty. MCL 750.479; MSA 28.747.

The defendants were tried by jury in the 21st District Court. A guilty verdict was given, but Judge Richard L. Hammer entered a judgment of acquittal notwithstanding the verdict on March 11, 1980. Judge Hammer ruled that the search of defendants' home was illegal, and therefore the defendants were rightfully defending their property. The City of Garden City appealed the acquittal to the Wayne County Circuit Court. Judge Charles Kaufman reversed the judgment and reinstated the jury's verdict. The defendants appeal to this Court. We reverse.

In *Steagald v United States*, 451 US 204; 101 S Ct 1642; 68 L Ed 2d 38 (1981), federal Drug Enforcement Administration agents entered defendant Steagald's home looking for Lyons. They had a warrant for Lyons' arrest, but not a search warrant for Steagald's home. While searching for Lyons, the agent discovered cocaine and other incriminating evidence. They arrested Steagald on drug charges. The trial court admitted the seized evidence over objection. The Supreme Court reversed, holding that the search was illegal.

The Court noted the difference in interests protected by arrest warrants and search warrants. When a magistrate considers issuing a search warrant, the interests in privacy in the areas to be searched or the items to be seized are directly considered. When issuing an arrest warrant, though, third persons' interests are not generally considered by the magistrate. While the arresting magistrate considers the possibility that officers will have to enter the subject's home on the

strength of the arrest warrant alone, the possibility that other unknown residences may have to be entered is not considered. *Payton v New York,* 445 US 573; 100 S Ct 1371; 63 L Ed 2d 639 (1980). It is too much to speculate whose interest will be implicated if officers can enter any home on the sole authority of an arrest warrant.

*Steagald* controls this case. Because the officers conducted a search of defendants' house without first obtaining a search warrant, it was prima facie unreasonable. No exigent circumstances save this search from unconstitutionality. There was no danger that evidence of the underlying traffic violations would be destroyed.

Because the entry was unlawful, the defendants had a common-law privilege to use reasonable force to prevent this search. *People v Krum,* 374 Mich 356; 132 NW2d 69, *cert den* 381 US 935; 85 S Ct 1765; 14 L Ed 2d 699 (1965) (unlawful arrest). They therefore did not unlawfully interfere with police officers. The circuit court must therefore be reversed.

Defendants also raise as error a district court instruction on the right of police officers to enter any building to make an arrest after announcing their purpose and being refused admittance. See MCL 764.21; MSA 28.880. Because this Court is reinstating the judgment of acquittal, there can be no prejudicial error stemming from jury instructions. We therefore decline to address the validity of the instructions or the facial constitutionality of the statute. *Steagald* prohibits warrantless searches of third persons' homes absent exigent circumstances. The Supreme Court in *Steagald* did not address searches of "any building", and we similarly limit our discussion to the facts of this case.

We reverse and remand to the district court for reinstatement of the judgment of acquittal.