PEOPLE v JULKOWSKI

Docket No. 58435. Submitted November 2, 1982, at Lansing.—Decided
    March 22, 1983

Defendant, Todd R. Julkowski, was convicted in the Washtenaw
    Circuit Court of possession of less than 50 grams of cocaine and
    obstructing a police officer in the discharge of his duty, William
    F. Ager, Jr., J. The testimony at trial revealed the following
    facts. Defendant was validly stopped by two police officers for a
    traffic violation. Defendant stepped out of his automobile and
    met Officer Payne. Payne noticed that defendant was nervous
    and hyperactive and that he smelled of marijuana. Payne
    walked to defendant's vehicle and observed several partially
    smoked marijuana cigarettes in the ashtray of defendant's
    vehicle. As Payne began to open the door of the vehicle to
    obtain the cigarettes, Payne's attention was drawn back to
    defendant who yelled "no" and pushed Payne into the south-
    bound lane of the US 23 expressway. Thereafter, Payne ob-
    served defendant inside the vehicle attempting to retrieve a
    blue denim shoulder bag. Payne "grabbed onto the defendant,
    ordering him out of the vehicle". When defendant failed to
    respond to the order, a struggle ensued and with the aid of
    Officer Owens defendant was forced to the ground, handcuffed
    and placed under arrest. Thereafter Payne obtained the par-
    tially smoked marijuana cigarettes and shoulder bag. Inside the
    shoulder bag Payne found a white, powdery substance, in a
    folded piece of paper, which was stipulated to be cocaine.
    Defendant appealed by leave granted. *Held:*

    1. The trial court did not err in admitting the cocaine. A
    search and seizure without a warrant is unconstitutional unless
    1) there is probable cause for the search and seizure and 2) an

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 603, 604.

[2] 68 Am Jur 2d, Searches and Seizures §§ 35-45.

[3] 68 Am Jur 2d, Searches and Seizures §§ 41-45.

[4] 68 Am Jur 2d, Searches and Seizures § 45.
    Validity, under Federal Constitution, of warrantless search of auto-
        mobile—Supreme Court cases. 26 L Ed 2d 893.

[5] 5 Am Jur 2d, Arrest § 94.

exception to the warrant requirement exists. There was probable cause and the situation fell within the automobile exception to the warrant requirement.

2. There was sufficient evidence on each element to sustain defendant's conviction of resisting an officer.

Affirmed.

1. Appeal — Criminal Law — Evidence — Suppression of Evidence — Clear Error.

A trial court's ruling on a motion to suppress evidence will not be reversed unless it is clearly erroneous; a ruling is clearly erroneous where the reviewing court is firmly convinced that a mistake has been made.

2. Searches and Seizures — Constitutional Law.

A search and seizure without a warrant is unconstitutional unless 1) there is probable cause for the search and seizure and 2) an exception to the warrant requirement exists.

3. Searches and Seizures — Probable Cause.

Probable cause to make a search and seizure without a warrant exists where the facts and circumstances allow a man of reasonable caution to believe that an offense has been or is being committed.

4. Searches and Seizures — Automobile Exception — Warrantless Searches.

Judgment of police officers as to probable cause to believe that a crime has been committed may serve as sufficient authorization for a search of an automobile without a warrant where it is stopped on a highway, is movable, the occupant is alerted, and the contents may never be found again if a warrant were to be obtained prior to a search.

5. Criminal Law — Resisting Arrest.

The elements of the crime of resisting arrest are: (1) the defendant must have resisted arrest; (2) the arrest must be lawful; (3) the person making the arrest must have been at the time an officer of the law; (4) at the time of the arrest, the defendant must have intended to have resisted such officer; (5) at the time of the arrest, the defendant must have known that the person he was resisting was an officer; and (6) at the time of the arrest, the defendant must have known that the officer was making an arrest.

*Frank J. Kelley,* Attorney General, *Louis J.*

*Caruso,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *David A. King,* Assistant Prosecuting Attorney, for the people.

*Don Ferris,* for defendant.

Before: D. E. HOLBROOK, JR., P.J., and ALLEN and R. L. TAHVONEN,* JJ.

PER CURIAM. Defendant was convicted in a bench trial of possession of less than 50 grams of cocaine in violation of MCL 333.7403(2)(a)(iv); MSA 14.15(7403)(2)(a)(iv), and resisting or obstructing a police officer in the discharge of his duty, contrary to MCL 750.479; MSA 28.747. Thereafter sentenced to two years probation for each conviction, defendant appeals as of right.

Defendant was validly stopped by two police officers for a traffic violation. Defendant stepped out of his automobile and met Officer Payne. Payne noticed that defendant was nervous and hyperactive and that he smelled of marijuana. Payne walked to defendant's vehicle and observed several partially smoked marijuana cigarettes in the ashtray of defendant's vehicle. As Payne began to open the door of the vehicle to obtain the cigarettes, Payne's attention was drawn back to defendant who yelled "no" and pushed Payne into the southbound lane of the US 23 expressway. Thereafter, Payne observed defendant inside the vehicle attempting to retrieve a blue denim shoulder bag. Payne "grabbed onto the defendant, ordering him out of the vehicle". When defendant failed to respond to the order a struggle ensued and with the aid of Officer Owens defendant was forced to the ground, handcuffed and placed under arrest. Thereafter Payne obtained the partially

* Circuit judge, sitting on the Court of Appeals by assignment.

smoked marijuana cigarettes and shoulder bag. Inside the shoulder bag Payne found a white, powdery substance in a folded piece of paper which was stipulated to be cocaine.

Defendant first claims the trial court erred in denying defendant's motion to suppress the cocaine.

A trial court's ruling on a motion to suppress will not be disturbed unless it is clearly erroneous. *People v Grimmett,* 97 Mich App 212; 293 NW2d 768 (1980). A trial court's findings are clearly erroneous if a reviewing court is left with a firm conviction that a mistake has been made. *People v Goss,* 89 Mich App 598, 601; 280 NW2d 608 (1978). We are not left with such conviction and affirm the trial court for the reasons that follow.

To determine the constitutionality of a warrantless search and seizure a two-part inquiry must be followed: (1) whether there is probable cause for the search and seizure; and, if so, (2) whether an exception to the warrant requirement exists. See *People v Smith,* 118 Mich App 366; 325 NW2d 429 (1982).

Probable cause exists when the facts and circumstances allow a man of reasonable caution to believe that an offense has been committed or is being committed. *People v Rodriguez,* 83 Mich App 606, 609; 269 NW2d 199 (1978). Under the circumstances herein, a man of reasonable caution would believe that the automobile and, in particular, the shoulder bag contained drugs or something else of an illegal nature and therefore defendant committed or was committing a crime. Accordingly, we hold that Officer Payne had probable cause to seize and search the shoulder bag.

Next, we hold that this warrantless search and seizure was reasonable and falls within the auto-

mobile exception to the warrant requirement. See *Carroll v United States,* 267 US 132; 45 S Ct 280; 69 L Ed 543 (1925), where the Court held that a warrantless search of an automobile stopped by police officers who had probable cause to believe the vehicle contained contraband was not unreasonable within the meaning of the Fourth Amendment. The rationale of such exception is the movable nature of an automboile and the fact that the contents may never be found again if a warrant must be obtained. *Dep't of Natural Resources v Hermes,* 101 Mich App 517; 300 NW2d 307 (1980).

Under the circumstances herein Officer Payne had probable cause to seize and search the shoulder bag without first obtaining a warrant. See *People v Robert L Thompson,* 81 Mich App 54; 264 NW2d 118 (1978), where the Court upheld a warrantless search of the interior of that defendant's vehicle and the contents therein because the officer had probable cause to believe a crime was being committed in his presence.

Second, defendant claims there was insufficient evidence presented at trial to support defendant's conviction for resisting arrest. The elements of the crime of resisting arrest are: (1) the defendant must have resisted arrest; (2) the arrest must be lawful; (3) the person making the arrest must have been at the time an officer of the law; (4) at the time of the arrest, the defendant must have intended to have resisted such officer; (5) at the time of the arrest, the defendant must have known that the person he was resisting was an officer; and (6) at the time of the arrest, the defendant must have known that the officer was making an arrest. See CJI 13:1:02. Due process requires that the prosecutor introduce sufficient evidence to justify a trier of fact in reasonably concluding that each element

of the crime is proven beyond a reasonable doubt. Specifically defendant argues there was insufficient evidence to prove beyond a reasonable doubt the first and second elements above enumerated.

As to the first element, the record is clear that, while the state trooper was not attempting to arrest defendant before defendant pushed him into the expressway, from that point on Officer Payne was attempting to arrest defendant and defendant struggled vigorously during the attempt. As to the second element, police have the right to look inside a properly stopped vehicle and to seize any items inside the automobile which are plainly visible and which appear to be evidence or implements of a crime. See *People v Eichenberg,* 108 Mich App 578; 310 NW2d 800 (1981). Here there was no question that defendant's automobile was properly stopped, that defendant acted erratically after exiting from the vehicle and hence that the officer had a right to approach the vehicle and look inside. The partially burned marijuana cigarettes were plainly visible to the officer and accordingly he had a right to enter the vehicle to seize them. Hence, it is clear that defendant was not justified in pushing the officer away and that the subsequent arrest was lawful.

Affirmed.