PEOPLE v REINHARDT

Docket No. 73346. Submitted June 27, 1984, at Grand Rapids.—Decided February 26, 1985.

Defendant, Martin Reinhardt, was convicted of resisting and obstructing a police officer in the discharge of his duties, Montmorency Circuit Court, Robert R. Ferguson, J. Defendant was charged with resisting arrest because he fought with two police officers who sought to arrest him for the misdemeanor of fleeing and eluding arrest. Defendant admitted that he had resisted the arrest but argued that he was entitled to do so because the arrest had been unlawful. His testimony and that of other witnesses was that the police officers had arrested him for the misdemeanor inside his home without an arrest warrant and without permission to enter. The officers' testimony was that defendant was arrested at the front door, rather than inside it. The prosecution argued that the officers had "substantially complied" with the requirement that they "knock and announce" before entering the house without permission so that, even if the arrest had been made inside defendant's home, it was nevertheless lawful. The jury was instructed that substantial compliance with the knock and announce requirement of the statute allowing police to break into a building to make an arrest under certain circumstances was sufficient. Defendant appealed. *Held:*

The statute allowing the breaking and entering of an outer or inner door of any building for the purpose of making an arrest under certain conditions does not authorize police officers to enter a private home without permission and without a warrant to arrest a person for a misdemeanor. There was evidence sufficient for the jury to find that defendant was arrested inside his home.

Reversed.

REFERENCES FOR POINTS IN HEADNOTE

5 Am Jur 2d, Arrest §§ 88, 89, 93.

Sufficiency of showing of reasonable belief of danger to officers or others excusing compliance with "knock and announce" requirement—state criminal cases. 17 ALR4th 301.

ARREST — MISDEMEANORS — WARRANTLESS ARRESTS — FORCED ENTRY — PRIVATE HOMES.

The statute allowing the breaking and entering of an outer or inner door of any building for the purpose of making an arrest under certain conditions does not authorize police officers to enter a private home without permission and without a warrant to arrest a person for a misdemeanor (MCL 764.21; MSA 28.880).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *James E. McCormick,* Prosecuting Attorney, and *Jann Ryan Baugh,* Assistant Attorney General, for the people.

State Appellate Defender (by *Ronald J. Bretz),* for defendant on appeal.

Before: R. M. MAHER, P.J., and BRONSON and G. R. MCDONALD,* JJ.

PER CURIAM. Defendant appeals as of right from a conviction for resisting and obstructing an officer in the discharge of his duties, MCL 750.479; MSA 28.747, following a jury trial. Defendant was sentenced to two years probation and six months in the county jail, to be suspended if probation terms were met. Defendant was also fined $360.

Defendant was charged with resisting arrest because he fought with two police officers who sought to arrest him for the misdemeanor of fleeing and eluding arrest. Defendant admitted that he had resisted the arrest but argued that he was entitled to do so because the arrest had been unlawful.[1] He premised this argument on his testi-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Michigan law provides that a person has the right to reasonably resist an unlawful arrest. See *People v Krum,* 374 Mich 356; 132 NW2d 69 (1965), *cert den* 381 US 935; 85 S Ct 1765; 14 L Ed 2d 699 (1965); *People v Stark,* 120 Mich App 350; 327 NW2d 474 (1982); *People v Eisenberg,* 72 Mich App 106; 249 NW2d 313 (1976), *lv den* 401 Mich 803 (1977); *People v Gray,* 23 Mich App 139; 178 NW2d 172 (1970).

mony and that of other witnesses that the police officers had arrested him for the misdemeanor inside his home without an arrest warrant and without "knocking and announcing" their presence and purpose before entering the house without permission. The prosecution countered by presenting the officers' testimony that defendant was arrested at the front door, rather than inside it. The prosecution also argued that the officers had "substantially complied" with the requirement that they "knock and announce" before entering the house without permission so that, even if the arrest had been made inside defendant's home, it was nevertheless lawful.

The jury was instructed that, to find defendant guilty of resisting and obstructing a police officer, it would have to find that defendant had knowingly and wilfully obstructed or resisted a duly authorized officer who was lawfully making an arrest. CJI 13:1:02; *People v Gleisner,* 115 Mich App 196; 320 NW2d 340 (1982), *lv den* 417 Mich 1095 (1983). The instruction also informed the jury that, where the arrest is for a misdemeanor, "[t]he law only allows an officer to arrest for this crime if it is committed in his presence and if the arrest is made as soon as reasonably possible after he observes such crime * * *".

After approximately four hours of deliberation, the jury sent a note to the court asking, "How can an officer make a legal arrest inside a private home without an arrest warrant?" Over different objections from the prosecutor and defense counsel,[2] the trial court instructed the jury as follows:

[2] The prosecutor objected to this instruction because he felt that it was factually inapposite. Defense counsel objected because he felt that there was no "substantial compliance" exception to the requirement that a police officer "knock and announce" his purpose before breaking open a door to a building.

"To make a warrantless arrest if the offense is a misdemeanor committed in the officer's presence the officer may break open an inner or outer door of any building in which the person to be arrested is located after the officer has announced his purpose and has been refused admittance. Where such declaration of purpose would be futile or an unnecessary formality substantial compliance with this principle is sufficient."

The jury asked that this instruction be repeated and subsequently asked that the term "substantial compliance" be defined. The court repeated the instruction but declined to define "substantial compliance". After approximately two more hours of deliberation, the jury returned a guilty verdict against defendant.

On appeal, defendant argues that the trial court erred by failing to adequately instruct the jury on the definition of "lawful arrest" and "substantial compliance". He also argues that, as a matter of law, the police could not make an entry without a warrant into defendant's home without prior notice and consent in the absence of exigent circumstances. The prosecution counters by arguing that the jury was repeatedly instructed on resistance to an arrest, the use of reasonable force by a defendant against excessive force by a police officer, and the right of a police officer to make a misdemeanor arrest without a warrant in a private home as long as entry is preceded by substantial compliance with the statutory "knock and announce" requirement. In addition, the prosecution argues that there was strong evidence that defendant was arrested at the door of his house rather than inside his house and that, therefore, whether or not an in-home arrest without a warrant would have been lawful is irrelevant. After examining these conflicting arguments, we conclude that it was possible for the jury to have determined that

defendant. was arrested inside his home[3] and that we must, therefore, determine whether the jury was accurately instructed on the right of a police officer to make an in-home misdemeanor arrest without a warrant.

The jury instruction given in response to the jury's question was taken from a combination of MCL 764.21; MSA 28.880 and this Court's opinion in *People v Strelow,* 96 Mich App 182; 292 NW2d 517 (1980). MCL 764.21; MSA 28.880 states:

"To make an arrest, a private person, if the offense be a felony committed in his presence, or a peace officer with a warrant or in cases of felony when authorized without a warrant, may break open an inner or outer door of any building in which the person to be arrested is or is reasonably believed to be if, after he has announced his purpose, he is refused admittance."

On its face, this statute makes no provision for a police officer to break open the inner or outer door of any building if he is refused entry where he is attempting to make a warrantless misdemeanor arrest. Instead, the statute specifically refers only to "a peace officer *with a warrant* or in cases *of felony when authorized without a warrant".* (Emphasis added.) Thus, the statute alone does not support the court's instruction to the jury that the officer "may break open an inner or outer door of any building in which the person to be arrested is located after the officer has announced his purpose and has been refused admittance".

As stated earlier, however, the trial court also relied upon this Court's opinion in *People v Strelow, supra.* In *Strelow,* this Court was presented with a situation in which a police officer followed the defendant into the defendant's home without

---

[3] There was strongly conflicting testimony on this crucial point.

announcing his purpose or requesting admission to the premises in order to arrest the defendant for the misdemeanor of driving in excess of the posted speed limit. The defendant resisted the arrest and, at his trial for resisting and obstructing an officer in the discharge of his duties, argued that he had been entitled to resist because the arrest was unlawful. This Court agreed that the arrest had been unlawful, premising this conclusion on its finding that the evidence failed to establish that the officer had "substantially complied" with the "knock and announce" requirement of MCL 764.21; MSA 28.880. This reasoning thus implicitly (and, to some extent, explicitly) assumed that the police officer was authorized by law to enter the defendant's home to make the warrantless misdemeanor arrest of the defendant provided he at least "substantially" met the "knock and announce" requirement of the statute. The *Strelow* Court supported this assumption by reasoning that MCL 764.15; MSA 28.874 permits a police officer to make a warrantless arrest when a misdemeanor is committed in his presence, and, therefore, that this authority could be extended to permit the officer to enter a private residence or enclosure in order to make an arrest for the misdemeanor, even though he has no warrant.[4]

After carefully examining the statutory provisions pertaining to arrests in Michigan, we conclude that the Legislature did not authorize police officers to enter private homes without permission to effect warrantless misdemeanor arrests. The Code of Criminal Procedure, MCL 761.1 *et seq.;* MSA 28.843 *et seq.,* contains numerous, and very specific, provisions dealing with various aspects of arrests. It contains comprehensive provisions for

---

[4] The *Strelow* Court relied on 76 ALR2d, § 2[b], p 1441, for this second step in its analysis.

the issuance and contents of warrants, MCL 764.1 and 764.1a; MSA 28.860, 28.860(1); the contents of complaints, MCL 764.1d and 764.1e; MSA 28.860(4) and 28.860(5); the authority of arresting officers within and outside of their own counties, MCL 764.2 and 764.2a; MSA 28.861 and 28.861(1); and the role of magistrates in the procedure, MCL 764.5-764.9; MSA 28.864-28.868. The code separately addresses the procedure to be used when "minor offenses" are involved, MCL 764.9a-764.9g; MSA 28.868(1)-28.868(7), and specifies procedures to be used when a person is arrested without a warrant, MCL 764.13; MSA 28.871(1). In MCL 764.15; MSA 28.874, MCL 764.15a; MSA 28.874(1), and MCL 764.15b; MSA 28.874(2), the code provides for warrantless arrests when a felony, misdemeanor, or ordinance violation is committed in the presence of a peace officer and then enumerates twelve specific other instances when a warrantless arrest is permissible. MCL 764.16; MSA 28.875 in turn authorizes arrests by private persons in three factual situations. The code then specifies the procedure to be followed when such warrantless or citizen arrests have been made, MCL 764.19; MSA 28.878 and MCL 764.20; MSA 28.879.

It is in this context that MCL 764.21; MSA 28.880 authorizes a private person or peace officer to "break open an inner or outer door of any building in which the person to be arrested is or is reasonably believed to be * * *". Again, as in other sections of the code, this statute specifies when and by whom such an entry may be made. As stated in *Strelow,* the statute does not mention misdemeanor warrantless arrests. Instead, the statute authorizes entry by a private person without consent only when a felony is committed in the person's presence and by a peace officer only when he or she possesses a warrant "or in cases of

*felony* when authorized without a warrant". (Emphasis added.) Since misdemeanors are not mentioned, we can only conclude, in light of the specific and comprehensive nature of the code, that the Legislature chose not to authorize nonconsensual entry into a person's home or other building for the purpose of making a warrantless misdemeanor arrest. This conclusion is supported by the Legislature's deliberate provision for different procedures when "minor offenses" or "warrantless arrests" are involved. In light of this conclusion, we hold that the trial court's instruction to the jury incorrectly informed the jury that, even if defendant was arrested *inside* his home, the arrest might nevertheless have been lawful. We, therefore, reverse defendant's conviction for resisting and obstructing an officer in the discharge of his duties.

As is clear from the above analysis, we have reached our conclusion that a police officer is not authorized to enter a private home without consent to make a warrantless misdemeanor arrest solely as a matter of statutory construction. In so doing, we have refrained from addressing the constitutional arguments raised by defendant. We note, however, that the Legislature is free to authorize in-home warrantless misdemeanor arrests within the limitations imposed by the United States Supreme Court in *Payton v New York,* 445 US 573; 100 S Ct 1371; 63 L Ed 2d 639 (1980), and *Welsh v Wisconsin,* — US —; 104 S Ct 2091; 80 L Ed 2d 732 (1984), and by our Supreme Court in *People v Oliver,* 417 Mich 366; 338 NW2d 167 (1983), if the Legislature so chooses.

Defendant also argues that the prosecutor improperly injected irrelevant or prejudicial matters into the trial. We agree with defendant and the

trial court that the prosecution's questioning of the res gestae witnesses, references to defendant's employment status and to a white Corvette, the prosecutor's statement that "it is our position we don't like to charge people with offenses unless we have to", and his comment on the mental problems of defendant's family, were improper. The prosecution is instructed to refrain from this conduct should this case be retried. Should the issue of codefendant Anthony Reinhardt's back problem again arise, defendant may challenge its relevancy at that time.

Reversed.