PEOPLE v DANIEL RICE

Docket No. 121873. Submitted July 16, 1991, at Detroit. Decided
December 16, 1991, at 9:30 A.M.

Daniel L. Rice was convicted by a jury in the Monroe Circuit
Court, William F. LaVoy, J., of obstructing a police officer in
the discharge of the duty to keep the peace for striking a
sheriff's deputy and knocking him off the porch of the defen-
dant's house while the deputy was attempting to talk to the
defendant concerning a reported domestic dispute. The defen-
dant appealed, claiming, as he did at trial, that he had merely
resisted the deputy's unlawful efforts to forcibly enter his home
and arrest him for a misdemeanor without having a warrant.

The Court of Appeals *held:*

1. While the unlawfulness of an arrest may be a defense to a
charge of resisting arrest, it is irrelevant when the charge is
obstructing a police officer in the discharge of the duty to keep
the peace. Even if the defendant's arrest were illegal, he would
not be entitled to reversal of his conviction, but only to sup-
pression of evidence obtained as a result of the illegal arrest.

2. The trial court did not err in denying the defendant's
request for CJI 13:1:02, the instruction regarding resisting
arrest, because the defendant was not charged with resisting
arrest.

3. In answering a question by the jurors regarding whether a
police officer has the right to force entry into a home after a
physical confrontation with a person, the trial court erred in
implying that an officer may enter a home without consent to
make a misdemeanor arrest without a warrant. However, the
error was harmless given the irrelevance of the legality of
defendant's arrest to his conviction.

4. The trial court did not err in denying the defendant's

REFERENCES

Am Jur 2d, Arrest §§ 22-24, 26, 43.5, 94; Obstructing Justice §§ 59,
69, 74.

Modern status of rules as to right to forcefully resist illegal arrest.
44 ALR3d 1078.

Police officer's power to enter private house or inclosure to make
arrest, without a warrant, for a suspected misdemeanor. 76
ALR2d 1432.

motion for a directed verdict. The prosecution presented sufficient evidence to enable a rational trier of fact to find the essential elements of the charged crime proven beyond a reasonable doubt.

5. The trial court did not abuse its discretion in denying the defendant's motions for a jury view of the scene of the crime and for a new trial based on newly discovered evidence. The jury was presented with other evidence sufficiently indicating the layout of the premises, and the claimed newly discovered evidence could have been discovered and presented at trial with the exercise of reasonable diligence.

Affirmed.

1. CRIMINAL LAW — OBSTRUCTING A POLICE OFFICER — DEFENSES — UNLAWFUL ARREST.

The unlawfulness of a police officer's entry into a defendant's home and the subsequent arrest of the defendant may be interposed as a defense to a charge of resisting arrest, but not to a charge of obstructing a police officer in the discharge of the duty to keep the peace where that offense occurred before the unlawful entry and arrest (MCL 750.479; MSA 28.747).

2. ARREST — MISDEMEANORS — ARREST WITHOUT WARRANT — PRIVATE HOMES.

Absent exigent circumstances, a police officer is not authorized to enter a private home without consent in order to make a misdemeanor arrest without a warrant (MCL 764.15; MSA 28.874).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *William D. Frey,* Prosecuting Attorney, and *Lawrence J. VanWasshenova,* Assistant Prosecuting Attorney, for the people.

*Gregory B. Jones,* for the defendant.

Before: DOCTOROFF, P.J., and MCDONALD and BRENNAN, JJ.

MCDONALD, J. Defendant appeals as of right from his jury trial conviction of obstructing an officer in the discharge of his duty to maintain,

preserve, and keep the peace, MCL 750.479; MSA 28.747. We affirm.

Defendant's conviction arises out of an incident occurring in the evening hours of March 27, 1988. Deputy sheriff Greg Mominee, having just completed his shift, stopped at a store while on his way home. Mominee was still in uniform and was driving a marked patrol car. At the store, Mominee was approached by defendant's brother, who was very agitated and indicated a heated dispute was occurring between defendant and defendant's wife and that Mominee needed to go to defendant's home quickly.

The trial testimony revealed divergent stories with regard to what occurred upon Mominee's arrival at the home. Mominee testified that upon approaching the home, he looked through a picture window and saw defendant on top of defendant's wife with his hands around her neck. Defendant's wife was screaming and moaning. Mominee returned to his vehicle to call for backup. Defendant then left the house and entered the attached garage. Mominee told defendant that he wanted to speak with him, but defendant quickly returned to the house. Mominee approached the front door, and defendant opened the interior door while Mominee opened the screen door. Before Mominee could say anything, defendant struck him in the throat and pushed his shoulder, knocking him off the porch. Mominee thereafter kicked in the door and entered the home. Another altercation ensued and defendant was eventually arrested.

Defendant not only denies assaulting Mominee, but claims no incident occurred on the porch, alleging Mominee kicked in the front door without warning and entered his home while he and his wife were having a discussion in the living room. Defendant's defense at trial was that Mominee

improperly entered defendant's home to make an arrest, rendering the arrest unlawful and defendant's resistance justified. Defense counsel persisted with this defense notwithstanding the fact defendant was not charged with resisting arrest but instead was specifically charged with interfering with Mominee while he was investigating a domestic disturbance.

The prosecutor's position, as evidenced by his closing argument, was that the charged crime, resisting and obstructing an officer maintaining the peace, was committed on the front porch during Mominee's attempt to investigate the domestic disturbance and before any entry into the home.

On appeal, defendant first claims his conviction should be reversed because his arrest was unlawful. In effect, this issue restates the defense put forth at trial. We find it inappropriate here as at trial. Although the lawfulness of an arrest is a necessary element of the crime of resisting arrest, CJI2d 13.1; *People v Julkowski,* 124 Mich App 379; 335 NW2d 47 (1983), defendant was not charged with resisting arrest. The information charging defendant stated defendant

> did knowingly and wilfully obstruct, resist, oppose, assault, beat or wound deputy Greg Mominee, a police officer with the Monroe County Sheriff Department, while said officer was engaged in lawful acts, attempts and efforts to maintain, preserve and keep the peace, to-wit: while said police officer was investigating a domestic disturbance.

Thus, defendant was charged with interfering with Mominee's investigation of the domestic disturbance, which, as the prosecution argued, occurred on the front porch before any later entry by Mominee. What did or did not occur following the

alleged assault on the porch could not change the character of the offense already committed.

Assuming entry into defendant's home and subsequent arrest were improper, defendant's sole remedy here would be the suppression of evidence obtained as a result of the illegal arrest. The invalidity of an arrest does not deprive a court of jurisdiction to try a defendant. *People v Dalton,* 155 Mich App 591; 400 NW2d 689 (1986). Defendant made no attempt to suppress the introduction of evidence stemming from Mominee's entry into the home, and was instead the chief proponent of such evidence. We find no error.

Defendant next contends the trial court improperly instructed the jury regarding the lawfulness of deputy Mominee's entry and defendant's arrest. Denial of defendant's request that the jury be instructed with regard to CJI 13:1:02, the charge regarding resisting arrest, was proper. As previously discussed, defendant was not charged with resisting arrest. See also *People v Kelley,* 78 Mich App 769; 260 NW2d 923 (1977).

Although the court properly denied defense counsel's request that the jury be given the instruction with regard to resisting arrest, the court did succumb to counsel's request that the jury be told defendant possessed the right to resist an unlawful arrest. The court inserted this comment following its instruction on CJI 13:1:03, interference with an officer maintaining the peace.

It appears this instruction coupled with defendant's theory of the case rendered relevant in the jurors' minds the legality of defendant's arrest. Following initial instruction, the jury returned with the following question: "Does an officer have the right to force entry in a home after a physical confrontation with a person?" Defendant takes particular issue with the court's response to this

question. The court, after reviewing the seemingly conflicting law contained in *People v Strelow,* 96 Mich App 182; 292 NW2d 517 (1980), and *People v Reinhardt,* 141 Mich App 173; 366 NW2d 245 (1985), regarding the legality of in-home misdemeanor arrests without warrants, found convincing the reasoning contained in *Strelow* and instructed the jury as follows:

> To make a warrantless arrest, if the offense is a misdemeanor committed in the officer's presence, or a warrantless arrest if the offense is a spouse abuse misdemeanor committed out of the officer's presence, the officer may break open an inner or outer door of any building in which the person to be arrested is located after the officer has announced his purpose and has been refused admittance. Where such declaration of purpose would be futile or an unnecessary formality, substantial compliance with this principle is sufficient.

The same instruction was rejected by this Court in *Reinhardt* as constituting an incorrect statement of the law. The panel in *Reinhardt* rejected the position in *Strelow* that MCL 764.15; MSA 28.874, the statute permitting an officer to make an arrest without a warrant when a misdemeanor is committed in his presence, also impliedly encompasses the right of entry into a private residence. We agree with the reasoning contained in *Reinhardt* and find, absent exigent circumstances,[1] a police officer is not authorized to enter a private home without consent to make a misdemeanor arrest without a warrant. Thus, we conclude the trial court erred in instructing the jury in this case to the contrary. However, we find the error

[1] Exigent circumstances include situations where an officer perceives a person to be severely injured or threatened with serious injury or death. See *City of Troy v Ohlinger,* 438 Mich 477; 475 NW2d 54 (1991).

harmless given the irrelevance of the legality of defendant's arrest to his conviction. No manifest injustice resulted. If anything, defendant benefitted from the improper infusion of the arrest issue, both during trial and in the instructions to the jury.

We also reject defendant's remaining claims. Accepting the prosecution's version of the events and proofs, sufficient evidence was presented to enable a rational trier of fact to find the essential elements of the charged crime proven beyond a reasonable doubt. Denial of defendant's motions for a directed verdict was proper. *People v Heard,* 178 Mich App 692; 444 NW2d 542 (1989). We also find no abuse of discretion in the trial court's denial of defense counsel's motions for a jury view of the scene, *People v Mallory,* 421 Mich 229; 365 NW2d 673 (1984), and for a new trial, *People v Bradshaw,* 165 Mich App 562; 419 NW2d 33 (1988). Sufficient evidence was presented to give the jury a satisfactory layout of the premises, and the "newly discovered" evidence could have been discovered and produced at trial with the exercise of reasonable diligence.

Affirmed.