CITY OF DETROIT v SMITH

Docket No. 208869. Submitted January 5, 1999, at Detroit. Decided April
13, 1999, at 9:00 A.M.

Arlene Smith and Marketta Green were convicted by a jury in the 36th
District Court, Patricia L. Jefferson, J., of interfering with a city
worker's performance of his duty, as prohibited by an ordinance of
the city of Detroit, and were assessed fines and costs. The defend-
ants had attempted to prevent a Detroit police officer from arrest-
ing their relative. The Recorder's Court, Maggie W. Drake, J.,
reversed the convictions and granted a new trial, ruling that the
district court erred in refusing the defendants' request for jury
instructions about self-defense, defense of others, and the right to
resist an unlawful arrest. The city appealed to the Court of Appeals
by leave granted.

The Court of Appeals *held*:

1. The right to resist an unlawful arrest is, in essence, a defense
to the charge of resisting arrest. A jury instruction about resisting
an unlawful arrest would have been improper in this case because
the defendants were not charged with resisting arrest.

2. In order to claim self-defense or defense of others, a defendant
must have acted in response to an assault. An arrest can be an
assault if the arrest is illegal. In this case, the defendants, in claim-
ing that the district court should have instructed the jury about
self-defense and defense of others, are contending that they had a
right to assist their relative in resisting her arrest. However, the
common-law right to resist unlawful arrest will not be extended to
third-party intervenors in this case in light of waning support in
other jurisdictions for the common-law right and in light of modern
laws of criminal procedure granting persons arrested the right to
reasonable bail, to counsel, and to prompt judicial determination of
probable cause.

3. The defendants' convictions and defendant Green's sentence
are reinstated. On remand, the fines, but not the costs, that were
imposed on defendant Smith, who died during the pendency of the
appeal, should be abated ab initio because they no longer serve a
purpose.

Reversed and remanded.

1. Criminal Law — Arrest — Defenses — Right to Resist Unlawful Arrests.

    The right to resist an unlawful arrest is, in essence, a defense to the charge of resisting arrest, because the legality of the arrest is an element of the charged offense.

2. Criminal Law — Arrest — Third-Party Intervenors.

    The right to resist an unlawful arrest extends only to the person being arrested; a right to assist another in the other's resistance of arrest is not recognized in Michigan.

*Charles S. Bergman*, Assistant Corporation Counsel, for the plaintiff.

Before: Hoekstra, P.J., and Doctoroff and O'Connell, JJ.

Hoekstra, P.J. Defendants in this case were charged with violating a city ordinance prohibiting anyone from interfering with a city worker's performance of his duty. Specifically, they attempted to prevent a police officer from arresting their relative. We granted leave for plaintiff to appeal a Recorder's Court order reversing defendants' district court convictions and granting defendants a new trial. We reverse and remand.

On July 11, 1996, a Detroit police officer, working as a community relations officer, was patrolling a shopping center. According to the officer, he was in a clothing store when Lavada Smith entered the store and, in a loud voice, began using profanity. Because she ignored his requests to stop using such language, he attempted to arrest her as she was leaving the store. The officer claimed that Lavada's cousin, defendant Marketta Green, and grandmother, defendant Arlene Smith, tried to prevent him from arresting her by striking him and pulling her away. He also claims that they tore off his name plate and badge

and took his radio. Arelene Bates Smith, another of Arlene Smith's granddaughters, also joined the fray.

Lavada was charged with disorderly conduct. The three women who tried to prevent her arrest were charged with violating a city ordinance that prohibits interference with, or obstruction of, a city employee's performance of his duty. All of the defendants pleaded not guilty and requested jury instructions on self-defense and defense of others and the right to resist an unlawful arrest. The trial court initially reserved ruling on the issue until it was briefed and the defense met its burden of production concerning self-defense, but it ultimately denied the requests.

The jury found Lavada not guilty of disorderly conduct, but found the other three women guilty of interfering with a city employee. The trial court assessed fines and costs of $100 for each conviction. Two of the defendants, the appellees herein, appealed their convictions to the Recorder's Court. That court ruled that the trial court erred in refusing to give jury instructions regarding self-defense, defense of others, and the right to resist an unlawful arrest, and it remanded the case for a new trial. Plaintiff appeals the Recorder's Court ruling, arguing that the trial court was correct when it refused to instruct the jury with regard to those defenses.

It is well settled in Michigan that "one may use such reasonable force as is necessary to prevent an illegal attachment and to resist an illegal arrest." *People v Krum*, 374 Mich 356, 361; 132 NW2d 69 (1965). The right to resist an unlawful arrest is, in essence, a defense to the charge of resisting arrest, because the legality of the arrest is an element of the charged offense. *People v Rice*, 192 Mich App 240, 243; 481

NW2d 10 (1991). However, in this case, none of the defendants were charged with resisting arrest. Therefore, instruction regarding the right to resist an unlawful arrest, whether only for Lavada or for all the defendants, would have been improper. *Id.* at 243-244.

The Recorder's Court also ordered the trial court to instruct the jury with regard to the defendants' right to self-defense and defense of others. In essence, defendants argued that the police officer assaulted Lavada, and they simply came to her aid. However, this argument is nothing more than a reassertion of the right to resist a third person's unlawful arrest. A claim of self-defense or defense of others first requires that a defendant has acted in response to an assault. The assault alleged in this case is the officer's arrest of Lavada. An arrest can be an assault if the arrest is illegal. *People v Eisenberg*, 72 Mich App 106, 111; 249 NW2d 313 (1976). Fundamentally, the Recorder's Court held that defendants had the right to assist Lavada in resisting her arrest if that arrest was illegal.

While Michigan remains part of a shrinking minority of states that retain an arrestee's right to resist an illegal arrest, we decline to extend that right to third-party intervenors. Other courts and legislatures have found the right to resist an unlawful arrest to be outmoded in our contemporary society. For example, in *State v Valentine*, 132 Wash 2d 1; 935 P2d 1294 (1997), the Washington Supreme Court examined the common-law right to resist unlawful arrest and concluded that the right arose at a time when mere imprisonment often resulted in death or serious physical harm. *Id.* at 14-16. However, under modern law governing criminal procedures, arrestees enjoy the

right to reasonable bail, the right to counsel at critical stages of the trial, and the right to a prompt judicial determination of probable cause. *State v Thomas*, 262 NW2d 607, 611 (Iowa, 1978). Since 1966 the number of states permitting resistance to an unlawful arrest has declined from forty-five to twenty. *Valentine*, *supra* at 17-18. In those states where the common-law rule has been overturned by judicial decision, courts have regularly voiced concern that allowing this kind of "outmoded common law rule . . . fosters unnecessary violence in the name of an obsolete self-help concept . . . ." *Thomas*, supra at 611.

Given its waning support in other jurisdictions, and in light of the considerable protections intended to guarantee the expeditious processing and humane treatment of those arrested, we can find no basis for escalating the potential harms already inherent in an arrest situation by extending the precarious right to use force against government officials to third-party intervenors. Nor will we extend that protection to allow defendants to plead defense of others where the charges take the form of "interfering with a city worker," as opposed to resisting arrest. To hold that one can argue defense of others when charged with interfering with a city worker's performance of his duty —where the employee is a police officer, and the duty takes the form of an arrest —would be to elevate form over substance.

We reverse the order of the Recorder's Court and reinstate both defendants' convictions and defendant Green's sentence. However, defendant Smith died during the pendency of these appeals. Accordingly, the assessment of costs against her should stand, but the purely penal aspect of her sentence should be

abated ab initio because it no longer serves a purpose. See *People v Peters*, 449 Mich 515, 517; 537 NW2d 160 (1995).

Reversed. We remand for modification of defendant Arlene Smith's judgment of sentence as indicated. We do not retain jurisdiction.