PEOPLE v FREEMAN

Docket No. 215821. Submitted February 2, 2000, at Grand Rapids. Decided March 17, 2000, at 9:05 A.M. Leave to appeal denied, 463 Mich __.

Joseph D. Freeman was convicted by a jury in the Calhoun Circuit Court, Conrad J. Sindt, J., of resisting and obstructing a police officer and was sentenced as a fourth-offense habitual offender to one to fifteen years' imprisonment. The defendant appealed.

The Court of Appeals *held*:

The evidence was sufficient to support the conviction, remarks by the prosecutor did not impermissibly shift the burden of proof to the defendant, and the court did not abuse its discretion in denying the defendant's motion for a mistrial.

Affirmed.

CRIMINAL LAW — ARREST — REASONABLE CAUSE.

An arrest is legal if an officer has reasonable cause to believe that a crime was committed by the defendant; reasonable cause means having enough information to lead an ordinarily careful person to believe that the defendant committed a crime.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *Susan K. Mladenoff*, Prosecuting Attorney, and *Jennifer Kay Clark*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Gail Rodwan*), for the defendant on appeal.

Before: FITZGERALD, P.J., and SAAD and WHITBECK, JJ.

PER CURIAM. Following a jury trial, defendant was convicted of resisting and obstructing a police officer, MCL 750.479; MSA 28.747, and was sentenced as an habitual offender, fourth offense, MCL 769.12; MSA

28.1084, to one to fifteen years' imprisonment. He appeals as of right. We affirm.

Defendant resisted arrest when officers attempted to enforce a personal protection order. Police officers were dispatched to "1419 Capital Avenue, #32" for a "domestic dispute." Defendant and Dawn Freeman met the officers at the door, as defendant was leaving with a bag of clothing and arguing with Dawn Freeman. After Dawn Freeman told the officers that defendant was subject to a personal protection order, and after they verified the order, the officers attempted to take defendant into custody. Defendant resisted and struggled while the officers attempted to handcuff him. He eventually freed himself and fled.

Defendant claims that the evidence was insufficient to support his conviction of resisting a police officer because the prosecutor failed to prove a legal arrest beyond a reasonable doubt. *People v Little*, 434 Mich 752, 755, n 5; 456 NW2d 237 (1990); *People v Julkowski*, 124 Mich App 379, 383; 335 NW2d 47 (1983). We disagree.

An arrest is legal if an officer has reasonable cause to believe that a crime was committed by the defendant. "Reasonable cause" means having enough information to lead an ordinarily careful person to believe that the defendant committed a crime. CJI2d 13.5(4). Viewed in a light most favorable to the prosecution, the evidence was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that, before his arrest, defendant was duly advised of the personal protection order and that this information was entered into the law enforcement information network (LEIN) in accordance with MCL 600.2950(22); MSA 27A.2950(22). Therefore, the arresting officer's

reliance on the LEIN information provided reasonable cause to believe that defendant had notice of the personal protection order and had violated its provisions, thereby subjecting him to immediate arrest. MCL 600.2950(21) and (22); MSA 27A.2950(21) and (22); *People v Truong (After Remand)*, 218 Mich App 325, 337; 553 NW2d 692 (1996); *People v Dalton*, 155 Mich App 591, 598; 400 NW2d 689 (1986).

Defendant also claims that the trial court abused its discretion in denying his motion for a mistrial, in which defendant alleged that the prosecutor impermissibly shifted the burden of proof to defendant by requiring him to prove that the personal protection order was not valid or that his arrest was not legal. We disagree. The prosecutor's remarks were responsive to defense counsel's cross-examination of Officer Doug Graham and defense counsel's remarks during closing argument. Viewed in context, they did not have the effect of impermissibly shifting the burden of proof to defendant. *People v Fields*, 450 Mich 94, 111, n 21, 115; 538 NW2d 356 (1995); *People v Kennebrew*, 220 Mich App 601, 608; 560 NW2d 354 (1996); *People v Lawton*, 196 Mich App 341, 353; 492 NW2d 810 (1992). Accordingly, the trial court did not abuse its discretion in denying defendant's motion for a mistrial. *People v Griffin*, 235 Mich App 27, 36; 597 NW2d 176 (1999); *People v Haywood*, 209 Mich App 217, 228; 530 NW2d 497 (1995).

Affirmed.[1]

---

[1] Although the personal protection order itself is not at issue in this case, we express our concern raised by the facts of this case. This case illustrates the need to draft such orders carefully in order to avoid inconsistencies and confusion. Here, for example, the complainant's residence is listed in the body of the order as 38 N. Riviera Drive. The caption of the order, however, states that the complainant can be reached at 1419 Capi-

tal Avenue, # 32. The complainant was at defendant's address at 1419 Capital Avenue, # 32, when defendant was arrested for violating the order. Surely, a defendant must question the wisdom of an order that makes it a violation of a court order to be in his own home, particularly when the complainant has a separate residence and makes the complaint to the police while at the defendant's residence. This would appear to allow personal protection orders to be used as a sword rather than a shield, contrary to the intent of the legislation that was quite properly designed and intended to protect spouses and others from predators. When personal protection orders are allowed to be misused because of careless wording or otherwise, then the law is correspondingly undermined because it loses the respect of citizens that is important to the effective operation of our justice system.