# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

JERMIAL ALI REDDING,

      Defendant-Appellant.

UNPUBLISHED
March 17, 2015

No. 319255
Wayne Circuit Court
LC No. 13-003882-FC

Before: DONOFRIO, P.J., and RIORDAN and GADOLA, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of armed robbery, MCL 750.529, felon in possession of a firearm, MCL 750.224f, carrying a concealed weapon, MCL 750.227, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. He was sentenced, as a fourth habitual offender, MCL 769.12, to 15 to 30 years' imprisonment for the armed robbery conviction, 2 to 10 years' imprisonment for the felon in possession of a firearm and carrying a concealed weapon convictions, and two years' imprisonment for the felony-firearm conviction. He appeals as of right, and for the reasons provided below, we affirm.

## I. SUFFICIENCY OF THE EVIDENCE

Defendant first argues that there was insufficient evidence for a rational jury to convict him of felon in possession of a firearm, carrying a concealed weapon, and felony-firearm. Specifically, defendant contends that the prosecution failed to present credible evidence suggesting that defendant possessed a firearm at any time during the alleged robbery of Tiara Jones.

In a challenge to a criminal conviction based on insufficient evidence, this Court reviews the record de novo. *People v Parker*, 288 Mich App 500, 504; 795 NW2d 596 (2010). This Court analyzes whether the evidence, taken in the light most favorable to the prosecution, could persuade a rational trier of fact that the essential elements of the crime charged were proved beyond a reasonable doubt. *Id.*

Under the statute for felon in possession of a firearm, "a person convicted of a felony shall not possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm in this state." *People v Brown*, 249 Mich App 382, 383; 642 NW2d 382 (2002), (quoting MCL

-1-

750.224f(1)). Under the statute for carrying a concealed weapon, "[a] person shall not carry a pistol concealed on or about his or her person . . . except in his or her dwelling house, place of business, or on other land possessed by the person, without a license to carry the pistol as provided by law . . . ." MCL 750.227. Further, a person is guilty of felony-firearm if he or she "carries or has in his or her possession a firearm when he or she commits or attempts to commit a felony." MCL 750.227b(1). "The felony-firearm statute applies whenever a person carries or has a firearm in his possession when committing or attempting to commit a felony." *People v Moore*, 470 Mich 56, 62; 679 NW2d 41 (2004).

Though defendant challenges the sufficiency of the evidence regarding three of his convictions,[1] he only argues on appeal that one common element is lacking: his possession of a firearm during the robbery of Jones. However, defendant's only argument is that there was no evidence that he possessed a firearm other than Jones's testimony. Jones clearly stated that during the robbery, defendant lifted his shirt, exposing the handle and trigger of a black handgun. Jones also explained that she was familiar with what a gun looks like because she had seen them before. Contrary to defendant's suggestion, Jones's testimony was sufficient to allow a jury to conclude that he, indeed, possessed a firearm. Therefore, defendant's convictions were appropriate.

## II. REQUEST FOR MISTRIAL

Defendant next argues that the trial court erred in denying his request for a mistrial when the prosecutor referenced that Melonie McCormick would be providing testimony, but when in fact, she had been removed from the witness list by the prosecutor. Defendant claims that the denial of his request for a mistrial adversely affected his rights to due process, confrontation of witnesses, and a fair trial.

The grant or denial of a defendant's motion for mistrial is reviewed for an abuse of discretion. *People v Freeman*, 240 Mich App 235, 237; 612 NW2d 824 (2000). A trial court abuses its discretion only when it selects an outcome that falls outside the range of reasonable and principled outcomes. *People v Yost*, 278 Mich App 341, 379; 749 NW2d 753 (2008).

"A mistrial should be granted only for an irregularity that is prejudicial to the rights of the defendant . . . and impairs his ability to get a fair trial." *People v Haywood*, 209 Mich App 217, 228; 530 NW2d 497 (1995). Pursuant to MCL 767.40a(3), in a criminal case, the prosecutor is required to send the defendant "a list of the witnesses the prosecuting attorney intends to produce at trial" not less than 30 days before the trial. Further, "[t]he prosecuting attorney may add or delete from the list of witnesses he or she intends to call at trial at any time upon leave of the court and for good cause shown or by stipulation of the parties." MCL 767.40a(4). Once a witness is endorsed pursuant to MCL 767.40a(3), "the prosecution must use due diligence to produce the witness." *People v Duenaz*, 306 Mich App 85, 104; 854 NW2d 531 (2014).

---

[1] Defendant does not challenge the sufficiency of the evidence regarding his armed robbery conviction.

When the prosecution fails to comply with the discovery statute, the trial court has discretion to fashion a suitable remedy. *Id.* at 103. "[T]his Court has held that when a prosecutor states that evidence will be submitted to the jury, and the evidence is not presented, reversal is not warranted if the prosecutor did so acting in good faith." *People v Wolverton*, 227 Mich App 72, 75; 574 NW2d 703 (1997). Additionally, to warrant reversal, the "defendant must show that he was prejudiced by noncompliance with the statute." *Duenaz,* 306 Mich App at 104.

In the present case, the prosecution listed McCormick as an endorsed witness on the witness list it provided to defendant before trial. However, at some point before trial, the prosecution unilaterally removed McCormick from the witness list without seeking leave of the trial court or a stipulation. Defendant was initially charged with a count of armed robbery relating to McCormick; however, following defendant's motion for a mistrial, the trial court dismissed that count with prejudice. On appeal, defendant contends that he was prejudiced regarding the remaining counts because the prosecutor made reference to McCormick's potential testimony in her opening statement. Specifically, the prosecutor stated:

> Basically, on March 20th, 2013, at approximately 3:30 in the afternoon, daylight time, Tiara Jones and Melonie McCormick, school age young ladies were walking down the street, and at that time they witnesses a green Neon, four door, with four individuals in it, pass by them, turn around, and kind followed [sic] them, to where it is that they made their turn.

> At that point in time, the individual that was in the one front passenger side of that vehicle got out of the car, that individual being this Defendant right here, and indicated to them that this is a stick-up, and that he had his gun in his waistband area. He showed them that gun, and he basically said to them give me everything that you have.

> One of the young ladies had a purse with various items inside of it and she can testify to that, and that was taken from her. The other young lady had an I-phone it was or a Smart Phone, and that was taken from her, and that it was approximately 3:30.

> At that point in time, that person then got back in the vehicle. There was also another individual in the back seat that basically gets out and makes some statements and closes the door. And then at that time the vehicle takes off and those young ladies, of course, run and *they will give you information of what happened after that*. [Emphasis added.]

Defendant claims that "[t]he disclosure during the opening argument of McCormick's highly incriminating potential testimony against [defendant], in the context of this case, was so significantly prejudicial to [defendant's] fundamental and constitutional rights to due process and a fair trial that no cautionary instruction could have cured that taint." However, a careful review of what the prosecutor actually stated during opening statements shows that she never specified what McCormick would tell the jurors. The vast majority of the background was just given in general terms, without specifying who would be providing these details during the trial. Even when the prosecutor was discussing what items were taken during the robbery, the prosecutor

-3-

carefully mentioned that Jones would be testifying regarding what was taken from her, but the prosecutor did not mention that McCormick would be testifying about what was taken from her:

> One of the young ladies [Jones] had a purse with various items inside of it *and she can testify to that*, and that was taken from her. The other young lady [McCormick] had an I-phone it was or a Smart Phone, and that was taken from her, and that it was approximately 3:30.

Additionally, the sole reference to any potential testimony on McCormick's part is found in the statement, "And then at that time the vehicle takes off and those young ladies, of course, run and they will give you information of what happened after that." While this statement is patently incorrect because the prosecutor knew that McCormick would not be testifying, defendant cannot establish any prejudice. At best, the prosecutor's misuse of the pronoun "they" indicated that McCormick and Jones would be testifying regarding some *undisclosed* events that took place *after* the robbery happened and *after* defendant left the scene. Therefore, with the prosecutor's only reference to McCormick testifying relating to some unspecified events that had no bearing on defendant or the robbery itself, defendant cannot establish how he was prejudiced or how the jury was introduced to any of "McCormick's highly incriminating potential testimony."

Further, defendant has failed to demonstrate how he was denied his right to "cross-examine" McCormick. Importantly, McCormick never testified and no statements from her were introduced into evidence at trial, so the right to cross-examination is entirely misplaced. See *Chambers v Mississippi*, 410 US 284, 295; 93 S Ct 1038; 35 L Ed 2d 297 (1973); *People v Watson*, 245 Mich App 572, 584; 629 NW2d 411 (2001). Jones testified that defendant robbed both her and McCormick, and defendant successfully was able to cross-examine Jones. Moreover, as a result of the prosecution's failure to adhere to the mandates of MCL 767.40a, the trial court took the extraordinary step of dismissing the robbery charge related to McCormick and instructed the jury that it should not consider any evidence related to that particular robbery charge. Consequently, the trial court quite adequately addressed the prosecutor's failure to comply with MCL 767.40a, and defendant was not prejudiced as it related to the remaining charges. Therefore, the trial court did not abuse its discretion by denying defendant's request for a mistrial.

## III. CO-DEFENDANT'S INVOCATION OF HIS RIGHT TO NOT TESTIFY

Defendant next argues that his rights to confront witnesses and present a defense were violated when the trial court failed to adequately determine that co-defendant, James Ready, had a valid privilege under the Fifth Amendment to refuse to testify. Specifically, defendant contends that defendant had a right to call Ready as a witness and fully examine him regarding the events on the day of the robbery. Defendant argues that the trial court allowed Ready to invoke a Fifth Amendment privilege without adequately ensuring that the privilege was valid. Further, defendant argues that he was prejudiced by Ready's refusal to testify because Ready would have provided exonerating testimony.

This Court reviews constitutional questions de novo on appeal. *People v Swint*, 225 Mich App 353, 364; 572 NW2d 666 (1997). Under the Fifth Amendment to the United States

Constitution, as applied to the states through the Fourteenth Amendment, "testimony having even a possible tendency to incriminate is protected against compelled disclosure." *People v Lawton*, 196 Mich App 341, 346; 492 NW2d 810 (1992). In *People v Poma*, 96 Mich App 726, 732; 294 NW2d 221 (1980), this Court held that in a case involving a potential witness who "is intimately connected with the criminal episode at issue, protective measures must be taken." Specifically, this Court held that the trial court should "hold a hearing outside the jury's presence to determine if the intimate witness has a legitimate privilege." *Id.* Regarding this procedure, our Supreme Court has held:

> [T]he judge must hold a hearing outside the jury's presence to determine if the witness' privilege is valid, explaining the privilege to the witness. If the court concludes the privilege is not valid, it must determine whether the witness intends to proceed with asserting an invalid privilege. If the witness does so intend, then the witness may not be called. [*People v Gearns*, 457 Mich 170, 202; 577 NW2d 422 (1998), overruled on other grounds by *People v Lukity*, 460 Mich 484; 596 NW2d 607 (1999).]

"If the court determines the assertion of the privilege to be valid, the inquiry ends and the witness is excused." *People v Paasche*, 207 Mich App 698, 709; 525 NW2d 914 (1994). The purpose of this framework is to prevent prejudice to the defendant in the event that a witness intimately connected with the alleged offense invokes the privilege in the presence of the jury. *Id.*

Defendant argues that the trial court conducted an inadequate inquiry into the validity of Ready's Fifth Amendment privilege; however, this argument is meritless. Outside the presence of the jury, the trial court conducted a substantial inquiry with Ready's counsel regarding Ready's decision to invoke a Fifth Amendment privilege. Ready's counsel stated:

> Your Honor, as an officer of the Court, may I represent to the Court without breaking the attorney/client privilege, that my client did discuss some additional issues which may result in criminal charges and as an officer of the Court, I represent that to the Court.

The trial court stated that even if it found the privilege to be invalid, Ready could not be called to the stand because he was refusing to testify. However, the trial court specifically found that Ready's invocation of the privilege was valid, and ruled that he could not be called to testify. Defendant appears to argue that the trial court was required to actually identify the specific statements that Ready would make that might be incriminating. However, such a course of action would amount to the trial court compelling Ready to provide incriminating testimony, which is prohibited. See *Lawton*, 196 Mich App at 346. Instead, Ready's counsel explained on the record that if Ready were required to testify, he would make incriminating statements. The trial court complied with the relevant framework, as laid out in *Poma* and *Gearns*, and appropriately ordered that Ready not be called as a witness.

## IV. SENTENCING

Defendant next argues that he is entitled to resentencing because his sentencing guidelines range was calculated using facts that were not found by the jury beyond a reasonable

doubt. Specifically, defendant contends that the trial court erred when it assigned points for several offense variables that increased the guidelines range for his sentence.

This issue, which implicates the Sixth and Fourteenth Amendments, is reviewed de novo. *People v Harper*, 479 Mich 599, 610; 739 NW2d 523 (2007). In *Apprendi v New Jersey*, 530 US 466, 490; 120 S Ct 2348; 147 L Ed 2d 435 (2000), the United States Supreme Court held that in sentencing, the discretion of the judge is limited, and "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Accordingly, a judge may not find facts independent of those found by the jury to increase a statutory maximum criminal sentence. *Id.* The logic underlying *Apprendi* was recently applied in *Alleyne v United States*, ___ US ___; 133 S Ct 2151; 186 L Ed 2d 314 (2013), to mandatory minimum sentences. In *Alleyne*, the Court held that "any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Id.* at 2155. Specifically, the Court stated that because mandatory minimum sentences increase the penalty for a crime, "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Id.* However, the Court has noted that judges may exercise discretion "in imposing a judgment within the range prescribed by statute." *Apprendi*, 530 US at 481.

In *People v Drohan*, 475 Mich 140, 164; 715 NW2d 778 (2006), our Supreme Court held that *Apprendi* does not affect Michigan's scheme for sentencing guidelines because the maximum sentence a criminal defendant generally may receive is the statutory maximum sentence. More recently, this Court held that *Alleyne* does not prohibit Michigan courts from exercising their discretion in scoring sentencing guidelines to produce a recommended range "for the minimum sentence of an indeterminate sentence, the maximum of which is set by law." *People v Herron*, 303 Mich App 392, 403-404; 845 NW2d 533 (2013), lv held in abeyance ___ Mich ___; 846 NW2d 924 (2014). That holding stemmed from the fact that Michigan's sentencing guidelines scheme does not generally create a *mandatory* minimum sentence; rather, the sentencing guidelines produce a *recommended* sentencing range. *Id.* The Court stated that "judicial fact-finding to score Michigan's sentencing guidelines falls within the wide discretion accorded a sentencing court in the sources and types of evidence used to assist in determining the kind and extent of punishment to be imposed within limits fixed by law." *Id.* at 405 (quotation marks omitted).

Defendant argues on appeal that *Alleyne* should apply here; accordingly, he contends that the trial court erred in finding facts beyond those found by the jury in assigning points for offense variables at sentencing. Defendant's argument is foreclosed by *Herron*. The trial court's assessment of points for offense variables related to defendant's armed robbery sentence; the

offense variables were used to calculate the appropriate guidelines range. Judicial fact-finding did not play any role in any mandatory minimum sentence for defendant. Defendant's argument is meritless.

Affirmed.

/s/ Pat M. Donofiro
/s/ Michael J. Riordan
/s/ Michael F. Gadola