*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

TINA MARIE CARROLL,

Defendant-Appellant.

UNPUBLISHED
April 09, 2025
12:25 PM

No. 368511
Monroe Circuit Court
LC No. 2020-245720-FH

Before: MURRAY, P.J., and M. J. KELLY and N. P. HOOD, JJ.

PER CURIAM.

Defendant appeals as of right her jury-trial conviction of resisting and obstructing a police officer, MCL 750.81d(1). We affirm.

## I. BACKGROUND

This case arises from an incident which occurred on February 16, 2020, when two Monroe police officers, Brace Timmins and Ryan Parise (collectively, "the arresting officers"), arrested defendant at her residence. By way of brief background and context, though irrelevant to this appeal, on June 6, 2019, defendant was involved in another incident in which she acted belligerently toward Monroe police officers and paramedics. In that incident, defendant was charged with, and ultimately convicted of, two counts of resisting and obstructing a police officer and disturbing the peace, MCL 750.170 ("the initial charges"). *People v Carroll*, unpublished per curiam opinion of the Court of Appeals, issued July 13, 2023 (Docket No. 361280), pp 1-3, rev'd in part and vacated in part ___ Mich ___; 8 NW3d 576 (2024). A felony complaint and arrest warrant were issued for defendant on the initial charges.

At some point during the day on February 16, 2020, Officer Timmins spoke to Captain Wall regarding defendant's arrest warrant. Captain Wall informed Officer Timmins that "there was a felony warrant arrest for [defendant] at her listed address." Officer Timmins and Captain Wall spoke to their supervisor, who "confirmed" the arrest warrant was valid (Captain Wall and the supervisor are collectively referred to as "the superior officers"). The supervisor stated the arrest warrant was entered in the Michigan Law Enforcement Information Network ("LEIN").

-1-

When the arresting officers arrived at the home, Officer Timmins knocked on the front door while Officer Parise went to the back. Officer Timmins identified himself as a police officer. While defendant was standing inside the doorway, Officer Timmins told her there was a warrant for her arrest. Defendant challenged whether there was an arrest warrant and told Officer Timmins she had to call her daughter. Defendant forbid the arresting officers from entering the home. About 30 or 40 seconds later, Officer Parise arrived at the front door. Officer Timmins told defendant that she "was under arrest," but defendant "retreated" inside and ran to the upstairs bedroom. Officer Timmins stated: "Stop . . . resisting, you're under arrest[.]" Then, Officer Timmins entered the home, followed by Officer Parise, to pursue defendant. While upstairs, Officer Timmins grabbed defendant's arm and "basically put [her] into a bear hug[.]" Officer Parise told defendant: "Stop, you're under arrest[.] [P]ut your hands behind your back." Initially, defendant did not put her hands behind her back and attempted to prevent the arresting officers from putting her hands behind her back for about 10 to 15 seconds. Defendant was placed in handcuffs, at which point she became compliant with the arresting officers.

At the conclusion of a one-day jury trial, the jury found defendant guilty of Count 1 (resisting Officer Timmins) and not guilty of Count 2 (resisting Officer Parise).

## II. ANALYSIS

### A. HEARSAY STATEMENTS, VALIDITY OF THE ARREST WARRANT, AND SUFFICIENCY OF THE EVIDENCE

On appeal, defendant characterized her evidentiary challenges, as well as the challenge to the validity of the arrest warrant, as an insufficiency of the evidence argument. Generally, "[a] defendant need not take any action to preserve a challenge to the sufficiency of the evidence." *People v Williams*, 294 Mich App 461, 471; 811 NW2d 88 (2011). If this issue was based solely on a challenge to the sufficiency of the evidence, as defendant framed it, this preservation standard would apply. However, because this issue also involves evidentiary issues, i.e., the admissibility of hearsay statements, and the validity of an arrest warrant, that preservation standard does not exclusively apply. "To preserve an evidentiary issue for review, a party opposing the admission of evidence must object at trial and specify the same ground for objection that it asserts on appeal." *People v Aldrich*, 246 Mich App 101, 113; 631 NW2d 67 (2001). Defendant did not object to the statements on hearsay grounds, nor did she assert a violation of her right of confrontation. These issues are unpreserved for appellate review.

Regarding defendant's hearsay argument, this Court "generally review[s] a trial court's evidentiary rulings for an abuse of discretion. A trial court abuses its discretion when its ruling falls outside the range of principled outcomes." *People v Bragg*, 296 Mich App 433, 445; 824 NW2d 170 (2012) (citation omitted). "However, whether a rule or statute precludes admission of evidence is a preliminary question of law that this Court reviews de novo." *People v Denson*, 500 Mich 385, 396; 902 NW2d 306 (2017). Because there was no objection to the statements, the issue is unpreserved, and "[w]e review unpreserved errors for plain error affecting substantial rights." *People v Chelmicki*, 305 Mich App 58, 62; 850 NW2d 612 (2014). Plain error review also applies to defendant's unpreserved constitutional argument. See *People v Walker (On Remand)*, 273 Mich App 56, 65-66; 728 NW2d 902 (2006).

Regarding the unpreserved evidentiary issues, defendant asserts statements made by the superior officers—that there was a valid arrest warrant and it was entered in LEIN—constituted inadmissible hearsay and violated the Confrontation Clause.

Hearsay is "a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *People v Shaw*, 315 Mich App 668, 672-673; 892 NW2d 15 (2016) (quotation marks and citation omitted); see also MRE 801(c). "Unless an exception exists, hearsay is inadmissible." *Shaw*, 315 Mich App at 673; see also MRE 802. A criminal defendant has the right to confront the witnesses against him under the United States and the Michigan Constitutions. US Const, Am VI; Const 1963, art 1, § 20.

> The Confrontation Clause prohibits the admission of out-of-court statements that are testimonial in nature, unless the declarant was unavailable at trial and the defendant had a prior opportunity to cross-examine the declarant. The Confrontation Clause does not, however, bar the use of out-of-court testimonial statements for purposes other than establishing the truth of the matter asserted. [A] statement offered to show the effect of the out-of-court statement on the hearer does not violate the Confrontation Clause. Specifically, a statement offered to show why police offers acted as they did is not hearsay. [*People v Putman*, 309 Mich App 240, 246; 870 NW2d 593 (2015) (quotation marks and citations omitted; alteration in original).]

Defendant vaguely contends the now-challenged statements made by the superior officers regarding the validity of the arrest warrant and LEIN entry were not admissible under any exception and were impermissibly used to prove the validity of the arrest warrant, violating the Confrontation Clause. However, under *People v Lewis*, 168 Mich App 255, 267; 423 NW2d 637 (1988), as defendant concedes, the statements could have permissibly been offered "to explain why the police did what they did after receiving the report." As such, the statements "may be properly admitted for purposes other than to show the truth of the matter asserted, such as to show the listeners' knowledge or motives if relevant to an issue in the case." *Id*. (quotation marks and citation omitted). The statements explained why the arresting officers went to the house after being informed of the arrest warrant, and as defendant notes, an officer may rely on LEIN information as the basis for an arrest. *People v Freeman*, 240 Mich App 235, 236-237; 612 NW2d 824 (2000).

Even assuming the statements were offered to prove the truth of the matter asserted, an arrest may occur without a warrant when "[t]he peace officer has received positive information by written, telegraphic, teletypic, telephonic, radio, electronic, or other authoritative source that another peace officer or a court holds a warrant for the person's arrest." MCL 764.14(1)(e). Officer Timmins was informed by two authoritative sources there was an arrest warrant and it was active on LEIN. The statements did not violate the Confrontation Clause because statements "offered to show why police offers acted as they did [are] not hearsay." See *Putman*, 309 Mich App at 246 (quotation marks and citation omitted). Defendant has not shown plain error affecting any substantial rights regarding the admission of the statements.

Regarding the unpreserved argument whether the arrest warrant was facially invalid, defendant asserts it was not supported by probable cause, did not state defendant should be

arrested, and the complaint was not supported by an oath or affirmation. We review this unpreserved argument for plain error affecting defendant's substantial rights. *Chelmicki*, 305 Mich App at 62. Although defendant notes potential defects regarding the arrest warrant on appeal, these objections are untimely and the issue was waived for appellate review. When a defendant does not

> object to the validity of the arrest warrant until appeal, his objection c[omes] too late as his appearance and plea to the information constituted a waiver of any defect in the complaint and warrant: (t)he validity of an arrest is immaterial to the validity of a subsequent conviction [w]hen the trial court had jurisdiction of the offense charged and acquired jurisdiction of defendant's person by the filing of an information and an appearance by defendant. . . . Objection to the validity of the arrest warrant, to be timely, must come before the defendant submits to the jurisdiction of the court by pleading to the information. [*People v Burrill*, 391 Mich 124, 127 n 2; 214 NW2d 823 (1974) (quotation marks and citation omitted).]

The arguments now asserted on appeal are dilatory because the challenged documents were issued over five years ago. Since that time, defendant has faced two trials (one for the initial charges and one for the subject charges) and never questioned the validity of the arrest warrant or felony complaint. Additionally, defendant makes several arguments regarding why the documents were deficient, but failed to include any documentary evidence to support her assertions. See *People v Elston*, 462 Mich 751, 762; 614 NW2d 595 (2000) ("[D]efendant bore the burden of furnishing the reviewing court with a record to verify the factual basis of any argument upon which reversal was predicated.").

Even on the merits, defendant's sufficiency of the evidence argument is meritless. Generally, "[w]e review de novo questions of statutory interpretation and issues relating to the sufficiency of evidence. Determining the elements of a crime set forth in a statute presents a question of statutory interpretation that is reviewed de novo." *People v Darga*, ___ Mich App ___; ___ NW3d ___ (2023) (Docket No. 363178); slip op at 3 (citations omitted). "We view the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could have found the essential elements of the crime to have been proved beyond a reasonable doubt." *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). "The standard of review is deferential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

MCL 750.81d(1) states: "[A]n individual who assaults, batters, wounds, resists, obstructs, opposes, or endangers a person who the individual knows or has reason to know is performing his or her duties is guilty of a felony . . . ." To convict a defendant under MCL 750.81d(1), the prosecution must prove:

> (1) the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered a police officer, and (2) the defendant knew or had reason to know that the person that the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered was a police officer performing his or her duties.

-4-

In addition, this Court held that the prosecution must also establish a third element, namely that the officers acted lawfully as an actual element of the crime of resisting or obstructing a police officer under MCL 750.81d. [*People v Murawski*, ___ Mich App ___; ___ NW3d ___ (2023) (Docket No. 365852); slip op at 4 (quotation marks and citations omitted).]

A defendant has a "common-law right to resist an unlawful arrest." *People v Moreno*, 491 Mich 38, 51; 814 NW2d 624 (2012). Typically, for an arrest to be lawful, "the police officer making the arrest must have probable cause, either that a felony or misdemeanor was committed by the individual in the officer's presence, or that a felony or specified misdemeanor . . . occurred outside the officer's presence and that the individual in question committed the offense." *People v Vandenberg*, 307 Mich App 57, 69; 859 NW2d 229 (2014). "While the lawfulness of an arrest is generally a question of law to be decided by the trial court, if the lawfulness of the arrest is an element of a criminal offense, it becomes a question of fact for the jury." *People v Quinn*, 305 Mich App 484, 494; 853 NW2d 383 (2014).

On appeal, defendant disputes the third element, asserting Officer Timmins acted unlawfully because the arrest warrant was invalid. This argument lacks merit, as the jury could determine Officer Timmins acted lawfully when arresting defendant, as Officer Timmins was informed by the superior officers that there was a valid arrest warrant for defendant, which was verified by LEIN. The admissible evidence showed that the arresting officer arrested defendant because there was an outstanding arrest warrant, providing the officer with reasonable cause to believe defendant had committed a crime, *Freeman*, 240 Mich App at 236-237, satisfying the third element. Viewing the evidence in the light most favorable to the prosecution, a reasonable jury could find Officer Timmins acted lawfully. There was sufficient evidence presented to the jury to find defendant guilty beyond a reasonable doubt.

## B. INEFFECTIVE ASSISTANCE OF COUNSEL AND LIMITING INSTRUCTION

Defendant also contends that the trial court erred by not sua sponte providing a limiting instruction to the jury regarding its consideration of alleged inadmissible hearsay statements. Although this Court typically reviews instructional error arguments de novo, "unpreserved claims of instructional error are reviewed for plain error affecting substantial rights." *People v Spaulding*, 332 Mich App 638, 652-653; 957 NW2d 843 (2020). This alleged error was waived because defense counsel approved the final jury instructions and never objected on this basis. See *id*. at 653 ("A party's explicit and express approval of jury instructions as given waives any error and precludes appellate review."). However, because the jury instruction issue is the basis for defendant's ineffective assistance of counsel argument, we will address it in that context.

Defendant contends defense counsel provided ineffective assistance by (1) failing to object to inadmissible hearsay statements establishing the validity of the arrest warrant and LEIN entry, and (2) failing to request a limiting instruction for the jury to consider the statements only for nonhearsay purposes. "Because these claims of ineffective assistance of counsel are unpreserved, our review is limited to errors apparent on the record." *People v Unger*, 278 Mich App 210, 253; 749 NW2d 272 (2008).

"The right to counsel guaranteed by the United States and Michigan Constitutions, US Const Am VI; Const 1963, art 1, § 20, is the right to the effective assistance of counsel." *Shaw*, 315 Mich App at 672. "A defendant must meet two requirements to warrant a new trial because of the ineffective assistance of trial counsel." *People v Armstrong*, 490 Mich 281, 289-290; 806 NW2d 676 (2011). "First, the defendant must show that counsel's performance fell below an objective standard of reasonableness." *Id*. at 290. "In doing so, the defendant must overcome the strong presumption that counsel's assistance constituted sound trial strategy." *Id*. "Second, the defendant must show that, but for counsel's deficient performance, a different result would have been reasonably probable." *Id*. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *People v Ackley*, 497 Mich 381, 389; 870 NW2d 858 (2015) (quotation marks and citation omitted). The second prong "does require a showing of prejudice[.]" *People v Randolph*, 502 Mich 1, 14; 917 NW2d 249 (2018). "Trial counsel is responsible for preparing, investigating, and presenting all substantial defenses. Failing to request a particular jury instruction can be a matter of trial strategy." *People v Thorne*, 322 Mich App 340, 347; 912 NW2d 560 (2017) (quotation marks and citations omitted).

"A defendant has the right to a properly instructed jury[.]" *Spaulding*, 332 Mich App at 653 (quotation marks and citation omitted). "[T]he trial court is required to instruct the jury concerning the law applicable to the case and fully and fairly present the case to the jury in an understandable manner." *Id*. (quotation marks and citation omitted; alteration in original).

As explained, the statements made by the superior officers were not offered to prove the truth of the matter asserted. Instead, they were offered to explain why Officer Timmins and Officer Parise were sent to the home to arrest defendant. Even assuming defense counsel's performance was deficient for failing to object, defendant has not demonstrated any error or prejudice regarding the admission of these statements. Moreover, defense counsel's strategy at trial did not involve contesting the validity of the arrest warrant. Instead, defense counsel focused on questioning the memory of the arresting officers and providing justifications as to why defendant's actions did not constitute resisting or obstructing either arresting officer. Defense counsel's strategy could also have been to limit the jury's exposure to defendant's prior conduct and the underlying reason why there was a warrant for her arrest. Defendant has not "overcome the strong presumption that counsel's assistance constituted sound trial strategy." *Armstrong*, 490 Mich at 290.[1]

## C.  INEFFECTIVE ASSISTANCE OF COUNSEL AND FINAL JURY INSTRUCTIONS

Defendant contends the trial court erred by not providing the correct jury instructions, namely M Crim JI 13.1 and M Crim JI 13.5. Although this Court typically reviews issues of instructional error de novo, "unpreserved claims of instructional error are reviewed for plain error

---

[1] Further, defendant's argument that the trial court plainly erred by admitting the hearsay statements to prove that the arrest was lawful is without merit. As explained, the purpose of the statements was to demonstrate why the arresting officers visited the home, not to prove the truth of the matter asserted. Defendant has not demonstrated the trial court committed plain error affecting her substantial rights.

affecting substantial rights." *Spaulding*, 332 Mich App at 652-653.  Again, this argument was waived because defense counsel approved the final jury instructions and never objected on this basis.  See *id*. at 653.  However, defendant has again wrapped the jury instruction issue into her ineffective assistance of counsel argument, so it will be addressed in that context.  Defendant contends defense counsel provided ineffective assistance by failing to object to the jury instructions regarding the elements of resisting and obstructing a police officer and when an arrest is legal.

Here, the jury instructions included M Crim JI 13.1(1) through (4), regarding the elements of resisting and obstructing a police officer, as well as M Crim JI 13.5(1) and (2), regarding legal acts and duties.  M Crim JI 13.5(1) states: "An arrest is legal if it is made by an officer relying on an arrest warrant for the defendant issued by a court."  The trial court instructed the jury:

> I'll read you the elements of the charge of resisting or obstructing a police officer. . . .  The defendant is charged with assaulting, battering, wounding, resisting, obstructing, opposing, or endangering a police officer who was performing his duties.  To prove this charge, the prosecutor must prove each of the following elements beyond a reasonable doubt. . . .  There are two counts of resisting [and] obstructing, the elements are the same for each count, but you have a different officer in each count.  First, that the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered Officer Brace Timmins, who was a police officer.  Obstruct includes the use or threatened use of physical interference or force or a knowing failure to comply with a lawful command.  The defendant must have actually resisted by what she said or did, but physical violence is not necessary.  Second, the defendant knew or had reason to know that Brace Timmins was a police officer performing his duties at that time.  Third, that Officer Brace Timmins gave the defendant a lawful command, was making a lawful arrest, or was otherwise performing a lawful act.

> Finally, the instructions also provide that an arrest is legal if it is made by an officer relying on an arrest warrant for the defendant by a court.

> The prosecutor must prove beyond a reasonable doubt that the arrest was legal and the officer was acting within his legal authority.  It is up to you to determine whether the officer's actions were legal according to the law as I have just described it to you.

Defendant broadly contends that, because (1) the arrest warrant was invalid and (2) the arresting officers should not have been permitted to rely on it to arrest defendant, the trial court misstated the law.  But these propositions are incorrect.  The jury instructions were not erroneous, as the trial court articulated the relevant instructions using the standard language of M Crim JI 13.1 and M Crim JI 13.5.  Although defendant may not agree, "if the lawfulness of the arrest is an element of a criminal offense, it becomes a question of fact for the jury." *Quinn*, 305 Mich App at 494.

Even assuming defense counsel's performance was deficient, defendant has not demonstrated any prejudice.  As explained, defense counsel's strategy at trial was not aimed at

questioning the validity of the arrest warrant.  Instead, defense counsel attempted to demonstrate that defendant's actions simply did not amount to resisting or obstructing, which succeeded in part. Importantly, defense counsel was likely attempting to limit the jury's exposure to defendant's prior conduct and the underlying reason why there was a warrant for her arrest.  For these reasons, defendant has not "overcome the strong presumption that counsel's assistance constituted sound trial strategy." *Armstrong*, 490 Mich at 290.

Affirmed.

/s/ Christopher M. Murray
/s/ Michael J. Kelly
/s/ Noah P. Hood