*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
June 03, 2025
2:04 PM

Plaintiff-Appellee,

v

Nos. 371012; 371013
Berrien Circuit Court
LC No. 2022-015625-FH

TAYLOR RYAN JOHNSON,

Defendant-Appellant.

Before: PATEL, P.J., and BOONSTRA and CAMERON, JJ.

PER CURIAM.

In these consolidated interlocutory appeals by leave granted,[1] defendant appeals the trial court's orders denying his motions to suppress. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In July 2022, defendant was operating his motor vehicle when he crashed through a downed tree that laid across a two-lane road and struck and killed a pedestrian. Officers responding to the scene noted that defendant smelled of alcohol and had him perform field sobriety tests. Ultimately, defendant took a preliminary breath test (PBT), resulting in his arrest. While he was being treated at the hospital, defendant consented to a blood test. Officers later obtained a search warrant for the event data recorder (EDR) from defendant's vehicle, which revealed that he was traveling 76 miles per hour before the collision when the posted speed limit was 50 miles per hour.

Defendant was charged with operating while intoxicated (OWI) causing death, MCL 257.625(1)(a) and (4)(a). Defendant sought to suppress the results of his PBT and the evidence seized from his vehicle's EDR, asserting that the PBT amounted to an illegal search and

_____

[1] *People v Johnson*, unpublished order of the Court of Appeals, entered November 5, 2024 (Docket Nos. 371012 and 371013).

the affidavit for the search warrant lacked sufficient probable cause and particularity. The trial court denied defendant's motions to suppress. This appeal followed.

## II. STANDARDS OF REVIEW

We review de novo questions of constitutional law and a trial court's decision on a motion to suppress evidence. *People v Joly*, 336 Mich App 388, 395; 970 NW2d 426 (2021). "A trial court's findings of fact are reviewed for clear error." *Id*. "A finding of fact is clearly erroneous if, after a review of the entire record, an appellate court is left with a definite and firm conviction that a mistake has been made." *People v Swirles*, 218 Mich App 133, 136; 553 NW2d 357 (1996).

"Appellate review of a magistrate's determination whether probable cause exists to support a search warrant involves neither de novo review nor application of an abuse of discretion standard." *People v Unger*, 278 Mich App 210, 243; 749 NW2d 272 (2008) (quotation marks and citation omitted). Instead, "the preference for warrants . . . requires the reviewing court to ask only whether a reasonably cautious person could have concluded that there was a substantial basis for the finding of probable cause." *Id*. at 244-245 (quotation marks and citation omitted, ellipses in *Unger*). "A reviewing court must give great deference to a magistrate's finding of probable cause to issue a search warrant." *People v Mullen*, 282 Mich App 14, 21; 762 NW2d 170 (2008).

## III. PRELIMINARY BREATH TEST

Defendant argues that the trial court erred by denying his motion to suppress his PBT results because the officers did not have "reasonable cause" to administer the PBT. He contends that "reasonable cause" equates to probable cause, and that, because the officers did not have probable cause, suppression of the PBT results was required. Although we agree that "reasonable cause" in this situation equates to probable cause, the trial court did not err by denying defendant's motion to suppress the PBT results because the officers had probable cause.

The United States and the Michigan Constitutions guarantee the right to be free from unreasonable searches and seizures. US Const, Am IV; Const 1963, art 1, § 11. Generally, the exclusionary rule bars the introduction into evidence of materials seized and observations made during an unreasonable, unconstitutional search. *People v Hawkins*, 468 Mich 488, 498-499; 668 NW2d 602 (2003). For a search and seizure to be reasonable—and thus constitutional—a warrant supported by probable cause is required unless an exception applies. *People v Franklin*, 500 Mich 92, 100-102; 894 NW2d 561 (2017). "Probable cause . . . exists where the facts and circumstances within an officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *People v Hammerlund*, 504 Mich 442, 451; 939 NW2d 129 (2019), quoting *People v Champion*, 452 Mich 92, 115; 549 NW2d 849 (1996). Moreover, "[p]robable cause requires only a probability or substantial chance of criminal activity, not an actual showing of criminal activity." *People v Lyon*, 227 Mich App 599, 611; 577 NW2d 124 (1998). "A limited exception to the requirement of probable cause exists, however, when the officer has a 'reasonable, articulable suspicion' that the person has committed or is about to commit a crime." *People v Lewis*, 251 Mich App 58, 69; 649 NW2d 792 (2002) (citation omitted).

Relevant to this issue, this Court has held that "[i]t is well established that the taking of a breath sample to test for the presence of alcohol constitutes a search under the Fourth Amendment. As such, the search must be reasonable." *People v Chowdhury*, 285 Mich App 509, 523; 775 NW2d 845 (2009) (quotation marks and citation omitted). An officer who has "reasonable cause" to believe that the operator of a vehicle had their ability to operate the vehicle affected by their consumption of alcohol may require the operator to submit to a PBT. MCL 257.625a(2). The statute does not define the term "reasonable cause." Defendant contends "reasonable cause" equates to "probable cause," while the prosecution equates it to "reasonable suspicion." We agree with defendant that "reasonable cause" under MCL 257.625a(2) means "probable cause."

This Court, in *People v Olson*, unpublished per curiam opinion of the Court of Appeals, issued March 25, 2021 (Docket No. 353982), p 4, considered this exact question, and concluded that "reasonable cause" under MCL 257.625a(2) equated to probable cause. In so holding, this Court reasoned:

> In the related context of determining whether an arrest was legal, this Court, noting that "[a]n arrest is legal if an officer has reasonable cause to believe that a crime was committed by the defendant," stated that " '[r]easonable cause' means having enough information to lead an ordinarily careful person to believe that the defendant committed a crime." *People v Freeman*, 240 Mich App 235, 236; 612 NW2d 824 (2000). This definition is consistent with that of "probable cause" articulated by our Supreme Court in an arrest context, being that "[p]robable cause to arrest exists where the facts and circumstances within an officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *People v Hammerlund*, 504 Mich 442, 451; 939 NW2d 129 (2019), quoting *People v Champion*, 452 Mich 92, 115; 549 NW2d 849 (1996). Whether probable cause exists depends upon the totality of the circumstances. *People v Nguyen*, 305 Mich App 740, 752; 854 NW2d 223 (2014).
>
> Reasonable cause has thus been defined comparably to probable cause. Moreover, as discussed, a search and seizure must be reasonable to be constitutional, *Chowdhury*, 285 Mich App at 523, and to be reasonable for purposes of the Fourth Amendment, a search and seizure must be based on probable cause. *Lewis*, 251 Mich App at 69. Thus, because the use of chemical breath testing, including a PBT, has been determined to be a search and seizure, see *Chowdhury*, 285 Mich App at 524, such testing must be supported by probable cause to be constitutionally permissible. [*Olson*, unpub op at 3-4.]

We expressly adopt *Olson*'s analysis concluding that "reasonable cause" under MCL 257.625a equates to probable cause.[2]

---

[2] However, we reject the *Olson* Court's conclusion that PBT results, and all evidence flowing from them, necessarily must be suppressed when officers lack reasonable cause under MCL 257.625a.

Nevertheless, the totality of the circumstances demonstrates that the police had reasonable cause to administer the PBT in this case. *Nguyen*, 305 Mich App at 752. Defendant collided with a large tree, on a clear day, with no apparent visibility issues. The down tree was across both lanes of the road; safety cones were placed near the tree and work vehicles were parked nearby. A witness stated that defendant came "flying" around the corner "at a high rate of speed," and was unable to stop in time to avoid hitting the decedent. The responding officer spoke with defendant and asked him if he had been drinking or was using his cell phone while driving. The responding officer noted smelling "an odor of intoxicants" emanating from defendant. Defendant's explanation to police was that he could not see that the tree was down "until the last second" despite its clear visibility. The responding officer administered field sobriety tests, and, while defendant did not outright fail, the officer noted defendant involuntarily moved his head, demonstrated a slight nystagmus in one or both eyes, and was a "little wobbly." This evidence amply supports a finding of probable cause, therefore, the trial court did not err by denying defendant's motion to suppress the PBT results.[3]

## IV. SEARCH WARRANT

Defendant also argues that the search warrant for the EDR in his vehicle lacked sufficient probable cause and that the good-faith exception to the exclusionary rule is inapplicable. We disagree.

The Michigan and United States Constitutions protect against unreasonable searches and seizures. US Const, Am IV; Const 1963, art 1, § 11. "A search warrant may only be issued upon a showing of probable cause." *Unger*, 278 Mich App at 244. "Probable cause sufficient to support issuing a search warrant exists when all the facts and circumstances would lead a reasonable person

---

*Olson*, unpub op at 4. In *Olson*, there was a question of fact regarding whether the defendant consented to the PBT. *Id*. at 5. Without addressing whether defendant consented to take the PBT, the *Olson* court suppressed the PBT results. *Id*. We hold that, in cases where the police lack reasonable cause to administer a PBT, yet the test is still conducted, suppression is not necessarily the remedy. Before ordering suppression, trial courts must first determine whether the defendant validly consented to the PBT. If the defendant did not validly consent, and there was no reasonable cause to administer the PBT, then suppression is appropriate. But if the defendant validly consented to the PBT test, suppression is not warranted because consent is a recognized exception to the probable cause requirement for searches. *People v Borchard-Ruhland*, 460 Mich 278, 294; 597 NW2d 1 (1999).

[3] We note that defendant argues the PBT results must be suppressed because officers did not obtain a search warrant before administering the PBT. However, this argument is nonsensical. A search warrant cannot compel a noncompliant suspect to provide a valid breath sample. Defendant makes a similarly confusing argument that because probable cause to administer the PBT was lacking, the officer's failure to obtain a search warrant for defendant's PBT breath sample constituted an unconstitutional, warrantless search. But this is a circular argument. Search warrants can only be issued upon a showing of probable cause. Similarly, PBT's can be required if officers have reasonable cause—i.e., probable cause. Thus, if officers do not have reasonable cause to administer a PBT, then they do not have probable cause to obtain a search warrant.

to believe that the evidence of a crime or the contraband sought is in the place requested to be searched." *People v Ulman*, 244 Mich App 500, 509; 625 NW2d 429 (2001) (quotation marks and citation omitted). "Probable cause must be based on facts presented to the issuing magistrate by oath or affirmation, such as by affidavit." *People v Brown*, 297 Mich App 670, 675; 825 NW2d 91 (2012). "The affidavit underlying the warrant must be read in a common-sense and realistic manner[,]" *Unger*, 278 Mich App at 244 (quotation marks and citation omitted), and is presumed to be valid, *Mullen*, 282 Mich App at 23.

The affidavit in this case stated, in relevant part:

Your affiant took part in the investigation of a traffic crash that occurred on July 20, 2022, at approximately 1500 hrs. on Red Bud Trl. near Snow Rd. in Berrien Springs of Berrien County. At that time, the above-described vehicle was involved in a vehicle vs. pedestrian traffic crash causing serious death. Investigation shows the above vehicle was being operated by the suspect, [defendant] when it collided with the pedestrian at the above listed crash scene. The pedestrian sustained fatal injuries as a result of the crash. The affiant personally identified the above-mentioned vehicle.

Based on your affiant's training and experience, information via the Airbag Control Module and/or E.D.R./any other module in similar nature and a thorough vehicle inspection and search will be critical in determining factors relevant to the investigation of the crash.

Even if we accept defendant's argument that the affidavit was insufficient, the evidence obtained from the EDR would still be admissible at trial. "Generally, evidence obtained in violation of the Fourth amendment is inadmissible as substantive evidence in criminal proceedings." *In re Forfeiture of $176,*598, 443 Mich 261, 265; (1993). However, "[t]he exclusionary rule does not automatically apply once a court finds a Fourth Amendment violation." *People v Lucynski (Lucynski III)*, ___ Mich ___, ___; 9 NW3d 327, 328 (2024). Indeed, there are exceptions to the exclusionary rule and situations in which the exclusionary rule does not apply. *People v Hellstrom*, 264 Mich App 187, 193-194 n 3; 690 NW2d 293 (2004). For example, "[u]nder the good-faith exception, evidence obtained through a defective search warrant is admissible when the executing officer relied upon the validity of the warrant in objective good faith." *People v DeRousse*, 341 Mich App 447, 465; 991 NW2d 596 (2022). In *People v Czuprynski*, 325 Mich App 449, 472; 926 NW2d 282 (2018), this Court considered the circumstances in which the good-faith exception does not apply, stating:

Reliance on a warrant is reasonable even if the warrant is later invalidated for lack of probable cause, except under three circumstances: (1) if the issuing magistrate or judge is misled by information in the affidavit that the affiant either knew was false or would have known was false except for his or her reckless disregard of the truth; (2) if the issuing judge or magistrate wholly abandons his or her judicial role; or (3) if an officer relies on a warrant based on a "bare bones" affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.

Here, defendant does not allege there was judicial or police misconduct, only that the officer's reliance on the search warrant was unreasonable. But the search warrant was not "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id*. The officer who prepared the underlying affidavit was present at the scene where defendant struck and killed the pedestrian. He noted in his police report that the conditions were clear that day, there were no roadway vision obstructions, the tree was strewn across both lanes of the road, and there was a long, curved skid mark near the collision site. He also observed the pedestrian's body had significant bruising, broken bones, road rash, and a small pool of blood consistent with a crash. As such, the facts were sufficient to suspect that a crime had taken place and the EDR could aid officers in making that determination.

Moreover, at the hearing on defendant's motion to suppress the EDR evidence, the trial court admitted that the affidavit "could have been better[,]" but nonetheless found that it was supported by probable cause because there was "some field sobriety information provided at the point in which [the officer's] affidavit was done and I'm assuming they had the PBT results at the time that this affidavit was done, and could have included that." The officer did not indicate that defendant was intoxicated in the affidavit, but he had personal knowledge of this fact on which he could rely when executing the search warrant. Thus, he would not have viewed his affidavit as so lacking in indicia of probable cause that his belief in the existence of probable cause was rendered unreasonable. Accordingly, the trial court did not err by finding that the good-faith exception to the exclusionary rule would apply.

Affirmed.

/s/ Sima G. Patel
/s/ Mark T. Boonstra
/s/ Thomas C. Cameron