*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

PAINE ALEXANDER RICHARDSON,

        Defendant-Appellant.

UNPUBLISHED
February 18, 2026
1:10 PM

No. 370217
Ottawa Circuit Court
LC No. 23-046005-FH

Before: SWARTZLE, P.J., and MALDONADO and ACKERMAN, JJ.

PER CURIAM.

Police arrested a woman for an outstanding warrant during a traffic stop. The woman's child was present at the time of the arrest, and so the woman arranged for defendant to come pick up the child from the scene. After defendant arrived, officers attempted to arrest defendant because defendant also had outstanding warrants, resulting in a struggle between officers and defendant. Defendant was ultimately charged and convicted of one count of resisting a police officer and sentenced to 45 days in jail and 24 months of probation. Defendant now appeals his conviction, sentence, and assessment of attorney fees; we affirm all three.

## I. BACKGROUND

When defendant arrived at the scene of a traffic stop to take custody of a child because the child's mother was being arrested, the officer asked defendant for his identification. The officer ran defendant's name through the Law Enforcement Information Network (LEIN) and attempted to arrest defendant because results showed two warrants for defendant's arrest in a nearby county. Defendant was beginning to move the woman's vehicle to a parking spot when the officer stopped the vehicle and informed defendant of the warrants. After the officer requested for defendant to exit the vehicle several times and defendant failed to do so, the officer proceeded to pull defendant from the vehicle. For almost five minutes, the officer struggled to place defendant in handcuffs because defendant pulled and forced one arm in front of his body, despite multiple instructions for defendant to place both hands behind his back. Another officer arrived at the scene and was able to bring defendant to the ground. Another minute or two of struggling occurred before officers were able to finally move both of defendant's arms to behind his back and handcuff him.

Defendant was charged with one count of resisting a police officer, MCL 750.81d(1). During the preliminary examination and arraignment, the trial court informed defendant that if he was unable to afford an attorney, one could be appointed for him. Defendant instead chose to represent himself. Defendant's trial date arrived and instead of proceeding with the trial, he requested and was granted an adjournment because he wanted to retain his own attorney. Again, the trial court, by reading a portion of MCR 6.005(E)(2) verbatim, informed defendant that if he was financially unable to afford an attorney, one could be provided.

Defendant moved to dismiss his case and appeared for the hearing without an attorney, even though he attempted contact with Legal Aid to receive representation. The trial court denied defendant's motion to dismiss and inquired about whether defendant wanted an attorney to represent him at trial. After defendant told the trial court that he "want[ed] to have proper counsel," the trial court informed defendant that it would let the public defender's office know that he was in need of an attorney. Defendant told the trial court that he would "talk with them and see." An attorney from the public defender's office entered his appearance following the hearing.

On the day of trial, defense counsel informed the trial court that he had spoken with defendant at the final pretrial conference and the day before the hearing and that defendant "wishe[d] to place statements on the record regarding a breakdown of an attorney-client relationship." Defendant then informed the trial court that his counsel refused to file a motion to suppress evidence that defendant requested, counsel did not know the terms of defendant's bond, and defendant was seeking other counsel. The trial court denied defendant's request for an adjournment and to excuse defense counsel.

After hearing the evidence presented, including testimony from the arresting officer and video of the arrest, the jury found defendant guilty of resisting a police officer. At sentencing, the trial court determined that defendant's minimum sentencing guidelines range was zero to six months' incarceration. The trial court recounted the details of defendant's conduct with law enforcement, explaining that defendant struggled with the officers for "a pretty significant period of time." Additionally, the trial court determined that defendant lacked respect for the arresting officers on the basis of his conduct during the arrest. The trial court placed defendant on probation for a period of 24 months and sentenced him to serve 45 days in jail with credit for time served. Additionally, the trial court ordered defendant to pay court costs and a fine and assessed $250 in attorney fees. Defendant now appeals.

## II. ANALYSIS

### A. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant first argues on appeal that defense counsel provided ineffective assistance of counsel by failing to move for a directed verdict. For ineffective assistance of counsel claims, we review for clear error the trial court's factual findings and review de novo questions of constitutional law. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). In this case, a

*Ginther*[1] hearing was not conducted, so "our review of the relevant facts is limited to mistakes apparent on the record." *People v Riley*, 468 Mich 135, 139; 659 NW2d 611 (2003).

The Michigan and United States Constitutions guarantee criminal defendants the right to effective assistance of counsel. *People v Yeager*, 511 Mich 478, 488; 999 NW2d 490 (2023). See also US Const, Am VI; Const 1963, art 1, § 20. To prove an ineffective assistance of counsel claim, a defendant must show that "(1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). Because "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," a defendant bears the burden of overcoming the presumption that defense counsel's conduct was sound trial strategy. *Strickland v Washington*, 466 US 668, 689; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

A motion for a directed verdict of acquittal requires the trial court to consider the evidence in a light most favorable to the prosecutor and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *Riley*, 468 Mich at 139-140. Defense counsel is not required to present frivolous or meritless motions before the trial court. *People v Darden*, 230 Mich App 597, 605; 585 NW2d 27 (1998). Therefore, a claim of ineffective assistance of counsel cannot be predicated on defense counsel's failure to make a meritless motion for directed verdict of acquittal. *Riley*, 468 Mich at 142.

Defendant argues that defense counsel should have moved for a directed verdict based on the prosecutor's failure to introduce the arrest warrants and failure to prove that defendant's arrest was lawful. In a charge for resisting a police officer under MCL 750.81d, the officer's arrest must be lawful. *People v Moreno*, 491 Mich 38, 52; 814 NW2d 624 (2012). For defendant's arrest to be lawful, the officer must have had reasonable cause to believe that a crime was committed by defendant; officers are permitted to rely on the LEIN system to provide reasonable cause. *People v Freeman*, 240 Mich App 235, 236-237; 612 NW2d 824 (2000).

At trial, the prosecutor presented testimonial evidence that the officer had reasonable cause to arrest defendant. The arresting officer testified that he relied on the LEIN system and its information that defendant had outstanding warrants when arresting defendant. Looking at this evidence in a light most favorable to the prosecutor, a rational trier of fact could find that the element of lawful action for a resisting an officer charge was proven beyond a reasonable doubt. And in fact, the jury in this case did find the element met, evidenced by the guilty verdict. Therefore, defendant has not proven either prong for an ineffective assistance of counsel claim because a motion for a directed verdict by defense counsel would have been meritless.

## B. REQUEST FOR NEW REPRESENTATION

Next on appeal, defendant argues that the trial court erred by denying his request for a new attorney. The Court reviews the trial court's decision regarding defendant's request for new

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

counsel for an abuse of discretion, whether "its decision falls outside the range of reasonable and principled outcomes." *People v Strickland*, 293 Mich App 393, 397; 810 NW2d 660 (2011).

Defendant does have the right to effective counsel, as already discussed, but defendant "is not entitled to have the attorney of his choice appointed simply by requesting that the attorney originally appointed be replaced." *People v Buie*, 298 Mich App 50, 67; 825 NW2d 361 (2012) (cleaned up). To justify appointment of substitute counsel, defendant needed to show (1) good cause for the substitution and (2) that the substitution would not have "unreasonably disrupt[ed] the judicial process." *People v Traylor*, 245 Mich App 460, 462; 628 NW2d 120 (2001). "Good cause may exist when a legitimate difference of opinion develops between a defendant and his appointed counsel as to a fundamental trial tactic, when there is a destruction of communication and a breakdown in the attorney-client relationship, or when counsel shows a lack of diligence or interest." *People v McFall*, 309 Mich App 377, 383; 873 NW2d 112 (2015) (cleaned up). A lack of confidence, unsupported by a substantial reason, or general unhappiness is insufficient for good cause. *Strickland*, 293 Mich App at 398.

For the first element, defendant essentially argues that there was good cause for substitution because of counsel's refusal to file a motion to suppress evidence, misunderstanding of defendant's bond, and insufficient trial preparation as a result of too few meetings. Counsel's decision on whether to file a motion is trial strategy entrusted to the attorney, which does not warrant substitution of counsel. *Traylor*, 245 Mich App at 463. Further, whether trial counsel understood defendant's bond does not reflect counsel's ability to represent defendant at trial. And although defense counsel only met with defendant twice before trial, this does not show a sufficient lack of diligence or interest to constitute good cause.

Even if we were to assume defendant established good cause for substitution, the judicial process would have been unreasonably disrupted if the trial court granted defendant's request. Like the defendant in *Strickland*, defendant did not request new counsel until the day of his jury trial, despite the jury, witnesses, and prosecution being prepared to proceed. 293 Mich App at 399. And defendant's past history with the trial court—including his request to adjourn the original trial date on the day of trial to retain counsel, which the trial court granted—suggests that the purpose of the motion to substitute was simply to delay trial instead of actual concerns with his representation. Therefore, the trial court did not abuse its discretion in denying defendant's motion for substitution.

## C. SENTENCING

Defendant further argues on appeal that the trial court erred by failing to follow the intermediate sanction recommendation under defendant's minimum sentencing guidelines range. For sentencing guidelines, we review for clear error the trial court's factual determinations and review de novo whether the evidence satisfies the statute's scoring conditions. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). A trial court is not required to select a minimum sentence that is within the range provided under the sentencing guidelines, and the Court will review a decision to depart only for reasonableness. *People v Lockridge*, 498 Mich 358, 365; 870 NW2d 502 (2015).

The trial court did not err when sentencing defendant to serve 45 days in jail. Under MCL 769.34(4)(a), if the upper limit of the recommended minimum sentence range for a defendant under the sentencing guidelines is 18 months or less, the trial court shall impose an intermediate sanction, which is "probation or any sanction, other than imprisonment in a county jail, state prison, or state reformatory, that may be lawfully imposed," MCL 769.31(b). Defendant's minimum sentence on the sentencing range was less than 18 months, which makes MCL 769.34(4)(a) applicable here.

But MCL 769.34(4)(a) further provides that the trial court is not required to impose an intermediate sanction if it "states on the record reasonable grounds to sentence the individual to incarceration in a county jail for not more than 12 months." The trial court provided reasonable grounds for its departure on the record, reasoning that defendant's altercation with police lasted a significant period and demonstrated a lack of respect for the officers. Therefore, the trial court articulated its justification for the upward departure in a manner that sufficiently explained the proportionality of defendant's sentence. See *Smith*, 482 Mich at 304. For these reasons, the trial court did not clearly err by sentencing defendant to a term of incarceration in jail rather than an intermediate sanction.

## D. ATTORNEY FEES

Lastly, defendant argues on appeal that the trial court erred in assessing $250 in attorney fees because it would be unfair to require defendant to pay such fees. We review de novo challenges to the constitutionality of procedures used to impose and enforce a fee for court-appointed counsel. *People v Jackson*, 483 Mich 271, 277; 769 NW2d 630 (2009).

The Sixth Amendment safeguards a defendant's right to counsel at all critical stages of the criminal process, *People v Williams*, 470 Mich 634, 641; 683 NW2d 597 (2004), and so, an indigent defendant is entitled to the appointment of a lawyer at public expense, *People v Ginther*, 390 Mich 436, 441; 212 NW2d 922 (1973). If a defendant requests a lawyer but is financially unable to retain one, then the trial court "must refer the defendant to the local indigent criminal defense system's appointing authority for the appointment of one." MCR 6.005(E)(2). But if a lawyer is appointed and defendant is able to pay partially for the cost, then the trial court "may require contribution" from defendant to the cost, including by establishing a plan for collecting the contribution. MCR 6.005(C).

Defendant's arguments regarding the unfairness of the attorney fees are without merit. Even if defendant's counsel only represented defendant at the jury trial, there are still costs for this representation, which defendant may be required to pay if he is able to under MCR 6.005(C). Defendant also states on appeal that he "only somewhat reluctantly accepted the appointment of a public defender after much encouragement" from the trial court. Although defendant did seem reluctant at times to be appointed an attorney, the trial court decided to appoint an attorney after defendant received adjournments to retain an attorney on his own, failed to retain an attorney, and told the trial court he wanted proper counsel for trial.

Defendant also argued that he was told by the trial court that there would be no charge for the attorney, quoting in his brief the following statement made by the trial court during the hearing on defendant's motion to dismiss: "if you want to have a court-appointed attorney, the court would appoint one for you, and those are appointed at no charge to you." Defendant's argument on this

point is not the most detailed, but he seems to be implying that he was unaware that the lack of charge for the attorney was contingent upon his ability to pay. If this was the only statement ever made by the trial court to defendant regarding the appointment of an attorney, then defendant's argument about fairness would perhaps have some merit. But defendant's argument fails to account for the multiple other instances when, during the proceedings, the trial court informed defendant about the availability of court-appointed attorneys *if he was unable to afford one*. The lone instance when the trial court did not qualify the statement does not negate the numerous other times when the trial court fully informed defendant of the right to an attorney and the conditions attached to such right.

Further, defendant's argument about attorney fees, specifically regarding his indigency, fails because of the timing of his challenge. Trial courts are not required to entertain challenges regarding indigency and ability to pay attorney fees when only the imposition of the fees have occurred; rather such arguments are to be made if and when the trial court begins enforcement efforts to collect the fee. *Jackson*, 483 Mich at 292. Here, there is no clear indication from the record or defendant's arguments on appeal that enforcement efforts have begun. Additionally, no evidence or findings regarding defendant's indigency appear on the record at sentencing, most likely because the fees were only imposed and not yet enforced. If defendant is indigent and is not able to pay the imposed fees, then the trial court will make that determination when trying to enforce the fees according to MCR 6.005(C). The Court will not make that decision in this current appeal. Accordingly, the trial court did not err by assessing $250 in attorney fees without determining his ability to pay.

## III. CONCLUSION

Defendant has not demonstrated any errors with the conviction, sentencing, or assessment of attorney fees. Trial counsel did not provide ineffective assistance of counsel by failing to move for a meritless directed verdict. Further, the trial court did not abuse its discretion by denying defendant's motion to substitute the counsel provided. For sentencing, the trial court did not err when deciding to impose imprisonment instead of an intermediate sanction. And finally, the trial court did not err in assessing attorney fees.

Affirmed.

/s/ Brock A. Swartzle
/s/ Allie Greenleaf Maldonado
/s/ Matthew S. Ackerman